| | |
|---|---|
| 1 | JOSEPH H. HUNT<br>Assistant Attorney General |
| 2 | ALEXANDER K. HAAS<br>Branch Director |
| 3 | ERIC J. SOSKIN<br>Senior Trial Counsel |
| 4 | KERI L. BERMAN |
| 5 | KUNTAL V. CHOLERA<br>JOSHUA M. KOLSKY, DC Bar No. 993430 |
| 6 | Trial Attorneys<br>United States Department of Justice |
| 7 | Federal Programs Branch |
| 8 | *Attorneys for Defendants* |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, *et al.*,<br><br>　　　　　　Defendants | No. 4:19-cv-5210-RMP<br><br>REPLY IN SUPPORT OF MOTION<br>TO EXPEDITE DEFENDANTS'<br>MOTION FOR STAY OF<br>INJUNCTION PENDING APPEAL<br><br>11/8/2019<br>Without Oral Argument |

REPLY IN SUPP. OF MOTION TO EXPEDITE　　　U.S. DEPARTMENT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　　　　　1100 L St. NW, Washington, DC, 20003
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(202) 305-7664

1    Plaintiffs' Opposition to Defendants' Motion for Expedited Hearing fails to
2 meaningfully rebut Defendants' showing that good cause exists to expedite the hearing
3 on Defendants' Motion for Stay of Injunction Pending Appeal. The core of Plaintiffs'
4 opposition is that Defendants have not yet filed motions to expedite in the other similar
5 lawsuits pending in other jurisdictions. But that is irrelevant to whether good cause exists
6 to expedite Defendants' motion here. Each district has its own unique local rules and
7 practices relating to scheduling hearings and adjudicating motions, and Defendants
8 therefore made appropriate District-specific determinations about how best to proceed in
9 each case. This District requires nondispositive motions to be set for hearing not less
10 than 30 days after the date the motion is filed, *see* Local Rule 7(i)(2)(a), which could
11 delay a decision past when it might be made in a similar case pending in a jurisdiction
12 without such requirement. Moreover, unlike some other jurisdictions, this District's
13 Local Rules include a commonly used mechanism for expediting a hearing upon a
14 showing of good cause. *See* Local Rule 7(i)(2)(C). In any event, Defendants are in the
15 process of seeking prompt rulings on their motions to stay filed in other jurisdictions.
16 *See, e.g.*, *Cook County, Illinois v. McAleenan*, No. 19-cv-06334, ECF No. 101 (N.D. Ill.
17 Nov. 6, 2019) (Defendants' notice of waiver of reply and hearing on motion to stay
18 preliminary injunction pending appeal); *City and County of San Francisco, v. U.S.*
19 *Citizenship and Immigration Services*, Case No. 19-cv-04717-PJH, ECF No. 127, at 2
20 (N.D. Cal. Nov. 7, 2019) (stating Defendants' position that a hearing on Defendants'
21 motion to stay preliminary injunction pending appeal is unnecessary); *California      v.*
22 *Dep't of Homeland Security*, No. 19-4975, ECF No. 132, at 2-3 (N.D. Cal. Nov. 7, 2019)

REPLY IN SUPP. OF MOTION TO EXPEDITE             U.S. DEPARTMENT OF JUSTICE
                                                 1100 L St. NW, Washington, DC, 20003
                                                         (202) 305-7664

1

(same); La *Clinica De La Raza v. Trump*, No. 19-cv-4980 ECF No. 137, at 2-3 (N.D. Cal.) (same).

Next, Plaintiffs' suggestion that Defendants delayed in filing their motion to stay is incorrect. Defendants filed that motion just two weeks after the Court entered its preliminary injunction – an appropriate amount of time for Defendants to review all six opinions entering preliminary injunctions in the various jurisdictions (collectively comprising hundreds of pages), draft stay motions, and obtain necessary authorizations to appeal. Also, during the brief interim between the filing of Defendants' motion to stay and their motion to expedite, Defendants' counsel was conferring with Plaintiffs' counsel in an attempt to reach agreement on an expedited schedule.

Plaintiffs also argue against expedited treatment based on their belief that Defendants have not shown irreparable harm. Opp'n at 5-6. Although Defendants strongly disagree for the reasons set forth in their motion to stay, the good cause standard applicable to the instant motion differs from the irreparable harm standard applicable to Defendants' motion to stay. The harms described in Defendants' motion to stay easily constitute good cause for expedited treatment, whether or not the Court agrees that those harms justify a stay. Good cause exists also because the Court has already ruled on Plaintiffs' motion for preliminary injunction and conducted a hearing. In light of that ruling and the associated hearing, Defendants submit that another hearing is unnecessary to resolve Defendants' motion to stay and that the Court should proceed to a ruling.

Notably, Plaintiffs do not claim *any* prejudice from an expedited hearing, nor could they. Plaintiffs' opposition is due tomorrow, November 8, under the Local Rules, so

| REPLY IN SUPP. OF MOTION TO EXPEDITE | U.S. DEPARTMENT OF JUSTICE |
| --- | --- |
| | 1100 L St. NW, Washington, DC, 20003 |
| | (202) 305-7664 |

2

granting Defendants' motion will have no impact whatsoever on Plaintiffs, and will simply expedite a ruling on this matter. Therefore, Plaintiffs' opposition appears to be based on nothing more than their desire to delay a ruling on the motion to stay. Plaintiffs' apparent belief that a delayed ruling may somehow benefit their litigation position does not provide a reason to deny expedited treatment.

Given the harms and other issues identified in Defendants' motion, Defendants respectfully request that the Court rule on the motion to stay by November 14, 2019, after which Defendants intend to seek relief in the U.S. Court of Appeals for the Ninth Circuit. Defendants waive their right under the Local Rules to file a reply in support of their motion to stay.

Dated:  November 7, 2019                Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

   *s/ Joshua M. Kolsky*
ERIC J. SOSKIN
Senior Trial Counsel
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar No. 993430
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 305-7664
Fax: (202) 616-8470

REPLY IN SUPP. OF MOTION TO EXPEDITE     U.S. DEPARTMENT OF JUSTICE
                                                                1100 L St. NW, Washington, DC 20003
                                                                       (202) 305-7664

3

joshua.kolsky@usdoj.gov

Attorneys for Defendants

REPLY IN SUPP. OF MOTION TO EXPEDITE

U.S. DEPARTMENT OF JUSTICE
1100 L St. NW, Washington, DC, 20003
(202) 305-7664

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all users receiving ECF notices for this case.

*/s/ Joshua M. Kolsky*

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005

Attorney for Defendants