ROBERT W. FERGUSON
*Attorney General*

RENE D. TOMISSER, WSBA #17509
*Senior Counsel*
JEFFREY T. SPRUNG, WSBA #23607
ZACHARY P. JONES, WSBA #44557
JOSHUA WEISSMAN, WSBA #42648
PAUL M. CRISALLI, WSBA #40681
NATHAN K. BAYS, WSBA #43025
BRYAN M.S. OVENS, WSBA #32901
*Assistant Attorneys General*
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a federal agency, et al.<br><br>Defendants. | NO. 4:19-cv-05210-RMP<br><br>**PLAINTIFF STATES' OPPOSITION TO DEFENDANTS' MOTION TO STAY SECTION 705 STAY AND PRELIMINARY INJUNCTION** |

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

i

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

## I. INTRODUCTION

Defendants seek a stay of this Court's Section 705 stay and preliminary injunction, claiming they will be harmed by not implementing a rule that was never in effect. Defendants' motion, ECF No. 169 (Mot. to Stay), falls far short of the extraordinary showing necessary to obtain such relief, ignoring critical authority and rehashing the same arguments Defendants already raised unsuccessfully in their earlier briefing. As the Court's Order made clear, *see* ECF No. 162 (PI Order), Defendants' recycled arguments fail to establish *any* of the grounds necessary for a stay—much less all of them—as Defendants are unlikely to succeed on the merits; have failed to refute the Plaintiff States' showing of irreparable harm; cannot demonstrate comparable harms of their own; and identify no equities supporting their request for such extraordinary relief.

Defendants add new details in support of some arguments, including that leaving the injunction and stay in place will purportedly cause them irreparable harm in the form of "uncertainty and administrative burdens." For example, Defendants claim they will be harmed by having to continue to process noncitizens' applications for adjustment of status under the longstanding framework historically governing such applications. Defendants also claim they will be harmed by possibly having to rehire at a later date some unknown number of contract employees to perform data entry. Defendants, however, have no valid interest in the enforcement of an unlawful rule, and their vague and speculative allegations of harm pale in comparison to the many severe and concrete injuries

PL. STATES' OPP'N TO DEFS.'  
MOT. TO STAY PRELIM. INJ.  
NO. 4:19-cv-05210-RMP

1

ATTORNEY GENERAL OF WASHINGTON  
8127 W. Klamath Court, Suite A  
Kennewick, WA 99336  
(509) 734-7285

1  identified in the briefing and the Court's Order. Moreover, the significant flaws
2  in Defendants' arguments are underscored by the fact that *every* court to have
3  considered similar challenges to the Rule—including district courts in New York,
4  Maryland, Illinois, and California—all independently ruled the plaintiffs were
5  likely to prevail on the merits and enjoined the Rule's implementation, with two
6  courts issuing similar nationwide injunctions. The motion should be denied.

## II.  BACKGROUND

8  On August 14, DHS published the Rule at issue, *Inadmissibility on Public
9  Charge Grounds*, 84 Fed. Reg. 41,292 (Aug. 14, 2019), which was set to take
10  effect on October 15. On the same day DHS published the Rule, the Plaintiff
11  States filed a 176-page complaint opposing its implementation. ECF No. 1. On
12  September 6, the Plaintiff States filed a 60-page motion seeking a preliminary
13  injunction and Section 705 stay of the Rule. ECF No. 34 (PI Mot.). Defendants
14  then filed a 60-page opposition in response, *see* ECF No. 155 (PI Opp'n), and on
15  September 27, the Plaintiff States filed a 30-page reply. ECF No. 158 (PI Reply).

16  In support of their PI Motion, the Plaintiff States provided declarations
17  from a broad range of public officials, nonprofit leaders, and subject matter
18  experts attesting to the many severe harms likely to result from—and in some
19  cases already resulting from—Defendants' planned implementation of the Rule.
20  *See* ECF Nos. 36 to 86. The Plaintiff States also submitted over 125 comments
21  DHS had received during the notice-and-comment period. ECF Nos. 35-1, 35-2,
22  35-3. Several amici curiae—including leading medical, educational, social

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

2

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1   welfare, and civil rights organizations—filed briefs in support of the Plaintiff
2   States. ECF Nos. 109–111, 149–153. In addition to reviewing these voluminous
3   materials, the Court held nearly two hours of oral argument. ECF No. 161.

4   On October 11, the Court issued a comprehensive 59-page opinion
5   granting the Plaintiff States' request for a stay and preliminary injunction. The
6   Court systematically addressed each of the relevant legal issues and the parties'
7   arguments. *First*, the Court addressed foundational issues, holding the Plaintiff
8   States had established standing and ripeness. PI Order at 11–30. *Second*, the
9   Court addressed the likelihood of success on the merits, holding the Plaintiff
10  States had shown the Rule likely violated the Administrative Procedure Act and
11  was both contrary to law and arbitrary and capricious. *Id.* at 34–50 ("[T]he
12  Plaintiff States have demonstrated a substantial likelihood of success on the
13  merits of at least two of their causes of action in this matter."). *Third*, the Court
14  considered the balance of interests and irreparable harm. *Id.* at 51–55 (Defendants
15  "made no showing of hardship, injury to themselves, or damage to the public
16  interest from continuing to enforce the status quo," whereas the Plaintiff States
17  "have shown a significant threat of irreparable injury"). *Finally*, the Court held
18  that staying or enjoining the Rule on anything less than a nationwide basis "would
19  not prevent [irreparable] harms to the Plaintiff States." *Id.* at 56–58.

20  Several other district courts across the country considered similar
21  challenges to the Rule. *See New York v. U.S. Dep't of Homeland Sec.*, No. 19-
22  7777, 2019 WL 5100372 (S.D.N.Y. Oct. 11, 2019); *City & County of San*

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

3

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1   *Francisco v. U.S. Citizenship & Immigration Servs.*, No. 19-4717, 2019 WL
2   5100718 (N.D. Cal. Oct. 11, 2019); *Casa De Maryland, Inc. v. Trump*, No. PWG-
3   19-2715, 2019 WL 5190689 (D. Md. Oct. 14, 2019); *Cook County v. McAleenan*,
4   No. 19-6334, 2019 WL 5110267 (N.D. Ill. Oct. 14, 2019). Notably, every court
5   to consider such a challenge independently enjoined the Rule's implementation,
6   holding the plaintiffs in each case were likely to prevail on the merits and would
7   suffer irreparable harm if the Rule were implemented, with two courts issuing
8   similar nationwide stays and injunctions. *See New York*, 2019 WL 5100372, at
9   *12 ("[T]his Court grants a nationwide injunction, as well as a stay postponing
10  the effective date of the Rule pending a final ruling on the merits, or further order
11  of the Court."); *Casa De Maryland*, 2019 WL 5190689, at *1 ("DHS is enjoined
12  from enforcing the Public Charge Rule and the effective date of the Rule is
13  postponed on a nationwide basis during the pendency of this case."); *see also*
14  *City & County of San Francisco*, 2019 WL 5100718, at *53 (enjoining the Rule
15  from taking effect in "California, Oregon, the District of Columbia, Maine, [and]
16  Pennsylvania"); *Cook County v. McAleenan*, 2019 WL 5110267, at *1 (finding
17  all requirements for preliminary injunction were met and prohibiting Defendants
18  from implementing the Rule "in the State of Illinois").

19  On October 25, Defendants filed the instant Motion to Stay. ECF No. 169.
20  Notwithstanding this Court's Order finding the Plaintiff States are likely to
21  succeed on the merits, Defendants now argue they are "likely to succeed on
22  appeal." *Id.* at 5. Defendants also contend that delaying implementation of the

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

4

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

Rule will impose "significant administrative burdens on Defendants and needless uncertainty on the aliens Plaintiffs claim to support." *Id.* at 14. On October 30, Defendants filed a Notice of Appeal. ECF No. 174.

### III.  ARGUMENT

Defendants briefly cite the relevant factors for a stay pending appeal, but nowhere do they acknowledge the extraordinarily heavy burden they must carry to obtain such relief. Courts have explained that such a stay is an "intrusion into the ordinary processes of administration and judicial review" and "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009); *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 769 (9th Cir. 2018); *see also Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1316 (1983) (Blackmun, J., in chambers) (a stay pending appeal is available "only under extraordinary circumstances"). A stay pending appeal is an "exercise of judicial discretion," and the party seeking it must show that the circumstances justify an exercise of that discretion. *Nken*, 556 U.S. at 433–34. In this context, a defendant's burden "is a heavy one," 11 Wright & Miller, *Federal Practice & Procedure* § 2904 (3d ed. 2019), with courts considering the following factors:

> (1) whether the stay applicant has made a ***strong showing*** that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*E. Bay Sanctuary Covenant*, 932 F.3d at 769–70 (quoting *Nken*, 556 U.S. at 433–34) (emphasis added). The first and second factors are "critical," and the "mere

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

5

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1  possibility" of success on the merits or irreparable harm does not satisfy them.

2  *Id.* Moreover, Defendants' burden of making a "strong showing" of a likelihood

3  of success is rendered only more challenging by the "limited and deferential"

4  abuse-of-discretion standard of review applied to preliminary injunctions. *Cmty.*

5  *House, Inc. v. City of Boise*, 490 F.3d 1041, 1047 (9th Cir. 2007).

**A.   This Court Has Already Held that the Plaintiffs States—Not Defendants—Are Likely to Prevail on the Merits**

Defendants take issue with the Court's well-reasoned decision that the Plaintiff States are likely to succeed on the merits, but their argument ignores critical aspects of the Court's ruling and fails to raise anything not already briefed and argued at length. For example, Defendants claim they are likely to succeed on appeal in showing the Plaintiff States lack standing, *see* Mot. to Stay at 6–9, but their argument depends on a glaring omission: Defendants fail to even cite—much less address—the Supreme Court's recent decision in *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019) (Roberts, C.J.). In that case, the Court held the plaintiffs, including several states, had established standing based on "the predictable effect of Government action on the decisions of third parties." *Id.* at 2565. Here, although the Plaintiff States addressed the case extensively in briefing and at oral argument, *see* PI Reply at 11–12, and the Court carefully considered and even quoted from the decision in its Order, *see* PI Order at 24–25, Defendants fail to mention the case at all in their 13-page Motion to Stay. Defendants' other arguments overlook similarly negative precedent in an attempt

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

6

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

to breathe new life into their already-rejected contentions.

It is thus unnecessary to conduct yet another exhaustive refutation of Defendants' other meritless arguments, as the issues have already been addressed in the pleadings, declarations, amicus briefs, oral argument, and PI Order. *See* PI Reply at 10–15, PI Order at 11–30 (jurisdictional issues); PI Reply at 15–22, PI Order at 30–46 (congressional intent, meaning of the term, and agency authority); PI Reply at 24–26, PI Order at 45–46 (Rehabilitation Act); PI Mot. at 54–65, PI Reply at 27–32, PI Order at 48–50 (arbitrary and capricious); PI Mot. at 65–70, PI Reply at 36–38, PI Order at 55–59 (scope of relief). Defendants' reliance on these rehashed arguments only underscores the Plaintiffs' likelihood of success.

The other courts to consider challenges to the Rule reached similar conclusions. For example, Judge Feinerman of the Northern District of Illinois identified the Supreme Court's opinion in *Gegiow v. Uhl*, 239 U.S. 3 (1915) as critical evidence for interpreting the meaning of the term "public charge." *See Cook County v. DHS*, 2019 WL 5110267, at *8-12 ("Fortunately, the Supreme Court told us just over a century ago what 'public charge' meant in the relevant era, and thus what it means today . . . *Gegiow* teaches that 'public charge' does not, as DHS maintains, encompass persons who receive benefits, whether modest or substantial, due to being temporarily unable to support themselves entirely on their own."). As Judge Feinerman explained, Defendants' "attempt to evade *Gegiow*'s interpretation" was unsupported by the very evidence they relied on. *Id*. For example, Judge Feinerman noted DHS had based its flawed argument in

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

7

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1  that case—as it did here as well—in part on a 1929 treatise that badly misstated the relevant precedent. *Id.* at *10 ("The treatise is wrong. It does not address *Gegiow* in expressing its understanding of 'public charge.' And the sole authority it cites . . . does not support its view."). The other courts to consider such challenges reached similar conclusions. *See New York*, 2019 WL 5100372, at *6 (explaining that "one thing is abundantly clear—'public charge' has *never* been understood" to mean the definition set forth in the Rule (emphasis in original)).

**B.  Defendants Fail to Show Irreparable Harm Pending Appeal**

Defendants have failed to identify any cognizable harm they will suffer from staying the implementation of a Rule that was never in effect. Offering only minimal harms present in virtually any injunction, Defendants' argument depends largely on speculation and a fundamental misinterpretation of precedent.

*First*, Defendants argue they are per se harmed by any delay preventing them from implementing any rule. Mot. to Stay at 9. Here, Defendants incorrectly rely on *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) for the proposition that the "federal government sustains irreparable injury whenever it 'is enjoined by a court from effectuating statutes enacted by representatives of its people.'" *Id.* The Plaintiff States have addressed this point repeatedly throughout the instant litigation, but it bears repeating: The Rule is *not* a statute "enacted by representatives of [the] people"; rather, it is a new agency action subject to judicial review pursuant to the APA (and in fact was twice *rejected* by Congress). Further, Defendants have no valid interest in the enforcement of an

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

8

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

unlawful rule such as the one at issue here. *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) ("There is generally no public interest in the perpetuation of unlawful agency action. To the contrary, there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." (internal citations, quotations omitted)).

*Second*, Defendants fail to establish they will be harmed by having to continue processing noncitizens' applications for adjustment of status consistent with the longstanding policy already governing the process for many years. *See, e.g.*, 64 Fed. Reg. 28,689, 28,692 (Mar. 26, 1999) (1999 Field Guidance) (underscoring that the public charge analysis will *not* consider noncitizens' use of "important health and nutrition benefits that they are legally entitled to receive"). According to Defendants, continuing to approve such applications consistent with their historical practice will irreparably harm them, as "DHS currently has no practical means of revisiting these determinations made under the prior guidance . . . if the injunction against the Rule is ultimately vacated." Mot. to Stay at 10. Defendants' superficial claims of harm pale in comparison to the severe injuries to the Plaintiff States, including in the event noncitizens wrongly choose to disenroll from benefits because of the Rule's unlawful effects. *See* PI Mot. at 56–57 (explaining that even a slight decrease in vaccination rates resulting from Medicaid disenrollment could give rise to a deadly outbreak); *see also* 1999 Field Guidance (noncitizens' reluctance to use important health and nutritional benefits they are legally entitled to receive "has an adverse impact not

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

9

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

just on the potential recipients, but on public health and the general welfare").

*Third*, Defendants claim they will suffer irreparable harm because an unspecified number of contract employees hired to perform data entry tasks might choose to pursue other employment while this litigation is pending. As an initial matter, Defendants' various arguments are internally irreconcilable, as Defendants now appear to rely on speculation over the independent employment decisions of third parties to demonstrate harm. *Compare* Mot. to Stay at 7 (arguing Defendants will prevail on appeal because Plaintiff States cannot allege harm based on the "decisions of independent actors") *with id.* at 14 (arguing Defendants will suffer harm because an unknown number of data-entry contract employees might "seek other employment"). But even apart from Defendants' apparent failure to make any contingency plan for the potential injunction of a rule twice rejected by Congress and strongly opposed by the "vast majority" of over 266,000 public comments, Defendants' alleged harms are not only common to any injunction but are frankly trivial compared to the injuries the Plaintiff States will suffer if the Rule is implemented. *Compare* Decl. of Daniel Renaud, ECF No. 170, ¶ 5 (alleging potential harm related to Defendants' "active social media presence") *with* PI Mot. at 58–59, PI Reply at 29–30, and PI Order at 16–18 (detailing the lasting physical, emotional, medical, financial, educational, and societal costs of childhood hunger and homelessness).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay should be denied.

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

10

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

RESPECTFULLY SUBMITTED this 15th day of November 2019.

ROBERT W. FERGUSON
Attorney General of Washington

*/s/ Nathan K. Bays*
RENE D. TOMISSER, WSBA #17509
Senior Counsel
JEFFREY T. SPRUNG, WSBA #23607
ZACHARY P. JONES, WSBA #44557
JOSHUA WEISSMAN, WSBA #42648
PAUL M. CRISALLI, WSBA #40681
NATHAN K. BAYS, WSBA #43025
BRYAN M.S. OVENS, WSBA #32901
Assistant Attorneys General
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285
Rene.Tomisser@atg.wa.gov
Jeff.Sprung@atg.wa.gov
Zach.Jones@atg.wa.gov
Joshua.Weissman@atg.wa.gov
Paul.Crisalli@atg.wa.gov
Nathan.Bays@atg.wa.gov
Bryan.Ovens@atg.wa.gov
*Attorneys for Plaintiff State of Washington*


MARK R. HERRING
Attorney General of Virginia

*/s/ Michelle S. Kallen*
MICHELLE S. KALLEN, VSB #93286
Deputy Solicitor General
RYAN SPREAGUE HARDY, VSB #78558
ALICE ANNE LLOYD, VSB #79105
MAMOONA H. SIDDIQUI, VSB #46455
Assistant Attorneys General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240
MKallen@oag.state.va.us

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

11

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

RHardy@oag.state.va.us
ALloyd@oag.state.va.us
MSiddiqui@oag.state.va.us
SolicitorGeneral@oag.state.va.us
*Attorneys for Plaintiff Commonwealth of Virginia*

PHIL WEISER
Attorney General of Colorado

*/s/ Eric R. Olson*
ERIC R. OLSON, #36414
Solicitor General
Office of the Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508 6548
Eric.Olson@coag.gov
*Attorneys for Plaintiff the State of Colorado*

KATHLEEN JENNINGS
Attorney General of Delaware
AARON R. GOLDSTEIN
State Solicitor
ILONA KIRSHON
Deputy State Solicitor

*/s/ Monica A. Horton*
MONICA A. HORTON, #5190
Deputy Attorney General
820 North French Street
Wilmington, DE 19801
Monica.horton@delaware.gov
*Attorneys for Plaintiff the State of Delaware*

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

12

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

KWAME RAOUL
Attorney General State of Illinois

*/s/ Liza Roberson-Young*
LIZA ROBERSON-YOUNG, #6293643
Public Interest Counsel
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-5028
ERobersonYoung@atg.state.il.us
*Attorneys for Plaintiff State of Illinois*


CLARE E. CONNORS
Attorney General of Hawaiʻi

*/s/ Lili A. Young*
LILI A. YOUNG, #5886
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, HI  96813
(808) 587-3050
Lili.A.Young@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*


BRIAN E. FROSH
Attorney General of Maryland

*/s/ Jeffrey P. Dunlap*
JEFFREY P. DUNLAP
D. MD Bar #20846
MD State Bar #1812100004
Assistant Attorney General
200 St. Paul Place
Baltimore, MD 21202
T: (410) 576-6325
F: (410) 576-6955
JDunlap@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

13

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

MAURA HEALEY
Attorney General of Commonwealth of Massachusetts

*/s/ Abigail B. Taylor*
ABIGAIL B. TAYLOR, #670648
Chief, Civil Rights Division
DAVID UREÑA, #703076
Special Assistant Attorney General
ANGELA BROOKS, #663255
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2232
abigail.taylor@mass.gov
david.urena@mass.gov
angela.brooks@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*


DANA NESSEL
Attorney General of Michigan

*/s/Toni L. Harris*
FADWA A. HAMMOUD, #P74185
Solicitor General
TONI L. HARRIS, #P63111
*First Assistant Attorney General*
Michigan Department of Attorney General
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603 (main)
HarrisT19@michigan.gov
Hammoudf1@michigan.gov
*Attorneys for the People of Michigan*

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

14

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

KEITH ELLISON
Attorney General of Minnesota

*/s/ R.J. Detrick*
R.J. DETRICK, #0395336
*Assistant Attorney General*
Minnesota Attorney General's Office
Bremer Tower, Suite 100
445 Minnesota Street
St. Paul, MN 55101-2128
(651) 757-1489
(651) 297-7206
Rj.detrick@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*


AARON D. FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN, #8873
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*


GURBIR SINGH GREWAL
Attorney General of New Jersey

*/s/ Glenn J. Moramarco*
GLENN J. MORAMARCO, #030471987
*Assistant Attorney General*
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 1st Floor, West Wing
Trenton, NJ 08625-0080
(609) 376-3232
Glenn.Moramarco@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

15

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

|   |   |
|---|---|
| 1 | HECTOR BALDERAS<br>Attorney General of New Mexico |
| 2 | |
| 3 | */s/ Tania Maestas*<br>TANIA MAESTAS, #20345 |
| 4 | Chief Deputy Attorney General<br>P.O. Drawer 1508 |
| 5 | Santa Fe, New Mexico 87504-1508<br>tmaestas@nmag.gov |
| 6 | *Attorneys for Plaintiff State of New Mexico* |
| 7 | PETER F. NERONHA<br>Attorney General of Rhode Island |
| 8 | |
| 9 | */s/ Lauren E. Hill*<br>LAUREN E. HILL, #9830 |
| 10 | Special Assistant Attorney General<br>Office of the Attorney General |
| 11 | 150 South Main Street<br>Providence, Rhode Island 02903 |
| 12 | (401) 274-4400 x 2038<br>E-mail: lhill@riag.ri.gov |
| 13 | *Attorneys for Plaintiff State of Rhode Island* |

PL. STATES' OPP'N TO DEFS.'  
MOT. TO STAY PRELIM. INJ.  
NO. 4:19-cv-05210-RMP

16

ATTORNEY GENERAL OF WASHINGTON  
8127 W. Klamath Court, Suite A  
Kennewick, WA 99336  
(509) 734-7285

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 15th day of November 2019, at Seattle, Washington.

*/s/ Nathan K. Bays*
NATHAN K. BAYS, WSBA #43025
Assistant Attorney General

PL. STATES' OPP'N TO DEFS.'
MOT. TO STAY PRELIM. INJ.
NO. 4:19-cv-05210-RMP

17

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285