1   ROBERT W. FERGUSON
    *Attorney General*

2

3   RENE D. TOMISSER, WSBA #17509
    *Senior Counsel*
    JEFFREY T. SPRUNG, WSBA #23607

4   ZACHARY P. JONES, WSBA #44557
    JOSHUA WEISSMAN, WSBA #42648

5   PAUL M. CRISALLI, WSBA #40681
    NATHAN K. BAYS, WSBA #43025

6   BRYAN M.S. OVENS, WSBA #32901
    *Assistant Attorneys General*

7   8127 W. Klamath Court, Suite A
    Kennewick, WA 99336

8   (509) 734-7285

9               **UNITED STATES DISTRICT COURT**
              **EASTERN DISTRICT OF WASHINGTON**

10                      **AT SPOKANE**

11  STATE OF WASHINGTON, et al.,        NO. 4:19-cv-05210-RMP

12              Plaintiffs,             PLAINTIFFS' MOTION TO
                                        COMPEL PRODUCTION OF
13      v.                              PRIVILEGE LOG AND
                                        DISCOVERY ON COUNT IV OF
14  UNITED STATES DEPARTMENT            FIRST AMENDED COMPLAINT
    OF HOMELAND SECURITY, a
15  federal agency, et al.              Noted for: January 29, 2020
                                        Without Oral Argument
16              Defendants.

17

18

19

20

21

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

## I.    INTRODUCTION

1    Plaintiff States assert two independent challenges to Defendants' Final

2    Rule: a statutory challenge under the Administrative Procedure Act (APA), and

3    a constitutional challenge under the Fifth Amendment's Equal Protection

4    guarantee. In seeking to prove their claims, Plaintiffs are entitled to the usual

5    discovery that would be afforded any other litigant had the claims been brought

6    in separate actions. Even so, Defendants have refused to comply with two

7    reasonable requests.

8    First, Defendants have declined to provide a privilege log identifying

9    documents withheld from the administrative record. But a privilege log is

10    consistent with practice in the Ninth Circuit and district courts in Washington.

11    Without this information, Defendants cannot carry their burden to "demonstrate

12    that the privilege applies." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir.

13    1988).

14    Second, Defendants insist that Plaintiffs may not conduct discovery

15    beyond the administrative record in connection with the Equal Protection claim.

16    But that argument is contrary to the weight of authority and ignores that Plaintiffs

17    would be entitled to discovery on the constitutional claim standing alone. Nothing

18    about the *addition* of APA claims undermines that right.

19    Accordingly, Plaintiffs ask this Court to: (1) require Defendants to identify

20    documents withheld from the administrative record on the basis of privilege; and

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

1

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    (2) permit Plaintiffs to proceed with discovery outside the administrative record

2    on Count IV of the First Amended Complaint.

3                               **II.    BACKGROUND**

4    **A.    This Litigation**

5           Plaintiff States challenge a Final Rule published by the U.S. Department

6    of Homeland Security (DHS), *Inadmissibility on Public Charge Grounds*, 84

7    Fed. Reg. 41,292 (Aug. 14, 2019) (Rule). Plaintiffs allege that the Rule

8    unlawfully redefines the term "public charge"—a previously rare designation that

9    triggers exclusion from the United States—in a way that "penalize[s] legally

10   present immigrant families who access federally-funded health, nutrition, and

11   housing programs." Am. Compl. (ECF No. 31) ¶ 1.

12          The First Amended Complaint asserts four counts: three under the APA

13   and one, Count IV, under the Equal Protection component of the Fifth

14   Amendment. *Id.* at 161–71. As part of the Equal Protection claim, Plaintiffs

15   allege that the Rule was motivated by intent to discriminate on the basis of race,

16   ethnicity, or national origin. *Id.* ¶ 430. Plaintiffs contend that this unlawful

17   discriminatory intent is evidenced by (among other things) the Rule's

18   "disproportionate adverse impacts on communities of color," the sequence of

19   events leading up to the Rule, and remarks by federal officials—including

20   President Trump and Defendant Kenneth Cuccinelli—reflecting "animus

21   towards non-European immigrants." *Id.* ¶¶ 431–32.

22

PLS' MOT. TO COMPEL                       2            ATTORNEY GENERAL OF WASHINGTON
PRIVILEGE LOG AND                                            8127 W. Klamath Court, Suite A
DISCOVERY ON COUNT IV                                            Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                              (509) 734-7285

1    This Court previously stayed implementation of the Rule under 5 U.S.C.

2    § 705 and also entered a preliminary injunction against implementation of the

3    Rule. *See* ECF No. 162.[1] Defendants have appealed that order, *see* ECF No. 174,

4    and the Court of Appeals granted a stay of the preliminary injunction pending

5    appeal, *see* ECF No. 192. In its stay order, the Ninth Circuit directed that the case

6    "may proceed consistent with this opinion." ECF No. 192 at 73. Today, Plaintiffs

7    will be filing a petition for rehearing en banc with respect to the panel's decision

8    on the stay motion. Defendants' appeal of the preliminary injunction remains

9    pending, with briefing scheduled to be completed by February 7, 2020. See Case

10   No. 19-35914 (9th Cir.), ECF No. 19.

11   **B.    Discovery Disputes**

12       Before Defendants produced the administrative record, Plaintiffs asked

13   that DHS provide notice about whether it is withholding any documents on the

14   basis of privilege, and if so, a general description of the documents or categories

15   of documents and the privilege asserted. On November 25, 2019, Defendants

16   produced an index and several zip files that they claim comprise the entire

17   administrative record for the Rule. That production did not include a privilege

18   log or any identification or description of documents withheld.

19       Plaintiffs reiterated their request for notice and descriptions regarding any

---

21       [1] The Court's decision is also available at *Washington v. United States Dep't of Homeland Sec.*, No. 4:19-CV-5210-RMP, 2019 WL 5100717 (E.D. Wash. Oct. 11, 2019).

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

3

1    claims of privilege. Defendants responded that, in their view, privileged materials

2    are not part of the administrative record, so nothing was withheld on the basis of

3    privilege.

4         As to discovery on the Equal Protection claim, Defendants maintain that

5    extra-record discovery is not permitted "[b]ecause this is an APA case." ECF No.

6    188 at 3; *see also id.* at 4 (stating Defendants' position that "Plaintiffs are not

7    entitled to discovery based on their constitutional claims").

8         In the parties' most recent joint status report, Defendants confirmed that

9    they dispute Plaintiffs' entitlement to a privilege log and discovery on Count IV

10   of the First Amended Complaint. *See* ECF No. 193 at 2. Plaintiffs submit this

11   motion pursuant to the Court's order dated December 16, 2019.[2]

12                        **III.    ARGUMENT**

13   **A.    A Privilege Log Is Necessary To Evaluate Completeness Of The Record**

14

15        To the extent Defendants withheld any documents on the basis of privilege,

16   the Court should compel production of a privilege log. The APA provides that

17   judicial review of agency action requires reviewing "the *whole* record." 5 U.S.C.

18   § 706 (emphasis added). As the Ninth Circuit has explained, "[t]he 'whole'

19   administrative record . . . consists of all documents and materials directly or

20   indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of*

21

22        [2] In that Order, the Court set a briefing schedule for Plaintiffs' motion and extended the relevant page limits. *See* ECF No. 194.

4

1   *Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis omitted). "An inclusive

2   approach to the record, rather than exclusive, promotes transparency vital to

3   meaningful public scrutiny and judicial review." *Kalispel Tribe of Indians v.*

4   *United States Dep't of the Interior*, No. 2:17-CV-0138-WFN, 2018 WL 9391703,

5   at *1 (E.D. Wash. Mar. 8, 2018).

6        Although privileged documents may be omitted from the record, it is

7   Defendants' burden to show that a privilege applies. *Tornay*, 840 F.2d at 1426;

8   *see also Alliance for the Wild Rockies v. Pena*, 2017 WL 8778579, at *1 (E.D.

9   Wash. Dec. 12, 2017) (noting, in APA cases, that "[t]he party asserting an

10  evidentiary privilege carries the burden of establishing that the privilege

11  applies"). Furthermore, even where a privilege may *apply* to certain materials,

12  that privilege does not necessarily bar *disclosure*. For example, the deliberative

13  process privilege (which the Government often cites in support of withholding

14  documents from administrative records) "is not absolute," and a litigant may still

15  be able to obtain deliberative materials "if his or her need for the materials and

16  the need for accurate fact-finding override the government's interest in

17  nondisclosure." *Alliance for the Wild Rockies*, 2017 WL 8778579, at *6 (internal

18  quotation marks and citation omitted).[3] Thus, "[an] agency does not have

19  ──────────────────────

20      [3] Plaintiffs note that, where a claim "is directed at the government's intent in rendering its policy decision"—as here with the Equal Protection claim—"the deliberative process privilege evaporates." *Children First Found., Inc. v.*

21  *Martinez*, No. 1:04-CV-0927, 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007); *see also In re Subpoena Duces Tecum Served on Office of Comptroller of*

22  *Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part*, 156 F.3d 1279 (D.C.

5

1    unilateral power to excise material from the record without some sort of record

2    and review." *Kalispel Tribe of Indians*, 2018 WL 9391703, at *2.

3    　　Here, the agency record for the Rule suggests that at least some significant

4    documents have been withheld. On several occasions throughout the rulemaking

5    process, DHS has referred to consultation with other federal agencies to justify

6    its positions. In the Notice of Proposed Rulemaking, for example, DHS stated

7    that it reached a conclusion about difficulty of valuing non-cash benefits

8    "following consultation with interagency partners such as HHS and HUD."

9    *Inadmissibility on Public Charge Grounds*, 83 Fed. Reg. 51,114, 51,165 (Oct.

10   10, 2018); *see also id.* at 51,218 (noting that "DHS has consulted with the

11   relevant Federal agencies"). And in the Rule, DHS responded to a comment that

12   specifically asked about inter-agency consultation by stating only: "Interagency

13   discussions are a part of the internal deliberative process associated with the

14   rulemaking." 84 Fed. Reg. 41,292, 41,460 (Aug. 14, 2019); *see also id.* at 41,372

15   (noting that DHS adopted certain exclusion "following consultation with DOD").

16   　　In addition, while formulating the Rule, DHS reportedly communicated

17   with high-level executive officials, including White House senior adviser

18   Stephen Miller. In June 2018, Miller emailed L. Francis Cissna, then-Director of

19   DHS sub-agency U.S. Citizenship and Immigration Services (USCIS), that "[t]he

20   timeline on public charge is unacceptable," imploring Cissna to move more

21

22   Cir. 1998) ("If the plaintiff's cause of action is directed at the government's intent
     . . . it makes no sense to permit the government to use the privilege as a shield.").

PLS' MOT. TO COMPEL                  6            ATTORNEY GENERAL OF WASHINGTON
PRIVILEGE LOG AND                                         8127 W. Klamath Court, Suite A
DISCOVERY ON COUNT IV                                        Kennewick, WA 99336
                                                                (509) 734-7285
NO. 4:19-cv-05210-RMP

1    quickly: "I don't care what you need to do to finish it on time." Am. Compl. ¶

2    96. Several months later, DHS still had not published the Rule, and Miller

3    reportedly shouted at a White House meeting: "You ought to be working on this

4    regulation all day every day." *Id.* ¶ 112. He continued: "It should be the first

5    thought you have when you wake up. And it should be the last thought you have

6    before you go to bed. And sometimes you shouldn't go to bed."

7         Despite this evidence that DHS engaged with other agencies as well as the

8    White House in connection with the Rule, the record produced by Defendants

9    does not include any such discussions or communications. Where, as here,

10   Defendants appear to have withheld documents from the administrative record

11   based on privilege, they should be required to submit a privilege log. Although

12   the Ninth Circuit has not definitively established when a privilege log is required,

13   it recently held that compelling the Government to produce such a log was not

14   clear error. *In re United States*, 875 F.3d 1200, 1210 (9th Cir.), *vacated on other*

15   *grounds*, 138 S. Ct. 443 (2017). As the court observed, "many district courts

16   within this circuit have required a privilege log and *in camera* analysis of

17   assertedly deliberative materials in APA cases." *Id.*

18        Consistent with the Ninth Circuit's observation, other federal courts in this

19   state have ordered agencies to produce privilege logs in order to test claims of

20   privilege. *See Kalispel Tribe of Indians*, 2018 WL 9391703, at *2 ("If Defendants

21   seek to withhold documents/materials from the record, they must assert a

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

7

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

privilege as to each specific document/material and create a privilege log."); *Washington v. United States Dep't of State*, No. 2:18-cv-01115-RSL, 2019 WL 1254876, at *2 (W.D. Wash. Mar. 19, 2019) ("To the extent the record produced excludes on the ground of privilege documents the agency in fact considered, . . . it is incomplete and must be supplemented by production of a privilege log."); *see also Alliance for the Wild Rockies*, 2017 WL 8778579, at *2 (noting that federal defendants had provided a privilege log).

Without any information about the types of documents withheld or the privileges asserted, neither Plaintiffs nor the Court can evaluate Defendants' claims of privilege. Plaintiffs therefore request that Defendants be required to provide a privilege log that describes any allegedly privileged documents withheld from Defendants' November 25, 2019 production and identifies the privilege(s) asserted as to each document or category of documents. *See* Fed. R. Civ. P. 26(b)(5) (where a party "withholds information otherwise discoverable by claiming that the information is privileged," the party must "expressly make the claim" and "describe the nature of the documents").

**B.    Plaintiffs Are Entitled To Discovery On The Equal Protection Claim**

Defendants maintain that Plaintiffs may not conduct discovery on Count IV of the First Amended Complaint merely because the Plaintiffs have *also* asserted *separate* APA claims in this same action. That argument is without merit. The rules governing APA claims do not, as Defendants argue, displace

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

8

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    their obligations to produce discovery under Federal Rule of Civil Procedure 26.

2    Plaintiffs should be permitted to proceed with discovery regarding their

3    independent constitutional claim.

4            **1.**      **The Scope Of Discovery For An Equal Protection Claim Is Broader Than The Scope Of Discovery For An APA Claim**

5

6          Federal Rule of Civil Procedure 26 permits litigants to "obtain discovery

7    regarding any nonprivileged matter that is *relevant* to any party's claim or

8    defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1)

9    (emphasis added). For APA claims, this standard means that discovery is

10   typically limited to the administrative record because the scope of judicial review

11   is confined to "evaluating the agency's contemporaneous explanation in light of

12   the existing administrative record." *Dep't of Commerce v. New York*, 139 S.Ct.

13   2551, 2573 (2019). The rationale for this "record rule" is that a court reviewing

14   agency action should consider only those materials that were before the agency

15   when it made its decision and should not substitute its own opinion for that of the

16   agency. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419

17   (1971); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943).

18         But constitutional claims—even when asserted alongside APA claims—

19   are not subject to this record limitation. And discovery beyond the administrative

20   record is particularly important where discrimination is alleged. *See Edwards v.*

21   *Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) (noting that "discovery[

22   is] often necessary to uncover a trail of evidence regarding the defendants' intent

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

9

1    in undertaking allegedly discriminatory action"); *City of Richmond v. J.A. Croson*

2    *Co.*, 488 U.S. 469, 493 (1989) (describing court's obligation "to smoke out"

3    unlawful conduct in discrimination cases).

4           "Determining whether invidious discriminatory purpose was a motivating

5    factor demands a sensitive inquiry into such circumstantial and direct evidence

6    of intent as may be available." *Vill. of Arlington Heights v. Metro. Hous. Dev.*

7    *Corp.*, 429 U.S. 252, 266 (1977). In conducting that "sensitive inquiry," courts

8    conduct a close examination of the facts concerning the challenged government

9    action, including: (1) "[t]he impact of the [challenged] official action"; (2) "[t]he

10   historical background of the decision . . . particularly if it reveals a series of

11   official actions taken for invidious purposes"; (3) "[t]he specific sequence of

12   events leading up to the challenged decision"; (4) "[d]epartures from the normal

13   procedural sequence"; (5) "[s]ubstantive departures . . . , particularly if the factors

14   usually considered important by the decisionmaker strongly favor a decision

15   contrary to the one reached"; and (6) "[t]he legislative or administrative history .

16   . . especially where there are contemporary statements by members of the

17   decisionmaking body." *Id.* at 266–68. These issues are merely some of the

18   "subjects of proper inquiry in determining whether racially discriminatory intent

19   existed." *Id.* at 268.[4]

20   _____

21           [4] The importance of discovery to prove animus has been recognized across
     a range of anti-discrimination statutes. *See Trevino v. Celanese Corp.*, 701 F.2d
22   397, 405–06 (5th Cir. 1983) (noting that the "imposition of unnecessary
     limitations on discovery is especially frowned upon in Title VII cases," as

PLS' MOT. TO COMPEL                        10
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

1    But such topics—or any others that may be relevant—cannot be fully

2    investigated based on the administrative record alone. For one thing, "officials

3    acting in their official capacities seldom, if ever, announce on the record that they

4    are pursuing a particular course of action because of their desire to discriminate

5    against a racial minority." *Arce v. Douglas*, 793 F.3d 968, 978 (9th Cir. 2015)

6    (quoting *Smith v. Clarkton*, 682 F.2d 1055, 1064 (4th Cir. 1982)). Moreover, the

7    administrative record may not reflect that decision-makers were motivated by

8    animus because agency officials "may have carefully curated [the record that was

9    produced] to exclude evidence of their true intent and purpose." *New York v.*

10   *United States Dep't of Commerce*, 351 F. Supp. 3d 502, 668 (S.D.N.Y.) (internal

11   quotation marks omitted), *aff'd in part, rev'd in part and remanded sub nom.*

12   *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019).[5]

13       A full inquiry into Defendants' motives—based on "such circumstantial

14   and direct evidence of intent as may be available"—thus requires evidence

15
16   "'courts have refused to allow procedural technicalities to impede the full
     vindication of guaranteed rights'" (quoting *Burns v. Thiokol Chem. Corp.*, 483
17   F.2d 300, 305 (5th Cir. 1973))); *cf. Mt. Holly Garden Citizens in Action Inc. v.*
     *Twp. of Mt. Holly*, 658 F.3d 375, 385 (3d Cir. 2011) ("The FHA is a broadly
18   remedial statute designed to prevent and remedy invidious discrimination on the
     basis of race that facilitates its antidiscrimination agenda by encouraging a
19   searching inquiry into the motives behind a contested policy to ensure that it is
     not improper." (citation omitted)).

20   [5] *See also Flores v. Pierce*, 617 F.2d 1386, 1388 (9th Cir. 1980) (evidence
     supported finding of discriminatory purpose based on testimony that refuted
21   government's asserted rationale); *Saget v. Trump*, 375 F. Supp. 3d 280, 368
     (E.D.N.Y. 2019) ("If this case were limited to the administrative record . . . it
22   would be impossible to conduct the full and thorough analysis of direct and
     circumstantial evidence *Arlington Heights* demands.").

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

11

1    beyond the administrative record itself. *Arlington Heights*, 429 U.S. at 266; *see*

2    *also Webster v. Doe*, 486 U.S. 592, 604 (1988) (explaining that district court has

3    latitude to allow discovery related to constitutional claims in APA cases as

4    balanced against countervailing concerns); *Grill v. Quinn*, No. CIV S-10-0757

5    GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (holding that "discovery

6    as to the non-APA [constitutional] claim is permissible"); *Rydeen v. Quigg*, 748

7    F. Supp. 900, 906 (D.D.C. 1990) (refusing to consider affidavits outside the

8    administrative record for APA clams, but considering those affidavits as to

9    constitutional challenges), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991).

10   **2.    Plaintiffs Have Articulated A Reasonable Basis For Seeking**
         **Discovery Outside The Administrative Record To Support**
11       **Their Equal Protection Claim**

12       Plaintiffs' request for discovery is particularly reasonable given the

13   significant public-record evidence Plaintiffs have already proffered suggesting

14   that certain federal officials may have acted with discriminatory intent in

15   adopting the Rule.

16       For one thing, Plaintiffs have pointed to statements made by high-ranking

17   Administration officials evincing animus toward immigrants of color. White

18   House senior adviser Stephen Miller—an ardent supporter of the Rule—

19   reportedly told a former White House communications aide, "I would be happy

20   if not a single refugee foot ever touched American soil." Am. Compl. ¶ 89. When

21   Miller briefed the President on immigration issues in June 2017, the President

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

12

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1  reportedly said that immigrants from Haiti "all have AIDS," and complained that

2  immigrants from Nigeria would never "go back to their huts." *Id.* Defendant

3  Kenneth Cuccinelli—the Acting Director of USCIS—has likewise echoed the

4  rhetoric of this Administration. In a 2012 interview, Cuccinelli compared U.S.

5  immigration policy to pest control in DC, specifically referring to "rats" and

6  "raccoons." *Id.* ¶ 90. Since at least 2007, Cuccinelli has repeatedly described the

7  United States as being "invaded" by immigrants along the Southern border. *Id.*

8  And in 2008, as a state senator in Virginia, Cuccinelli introduced legislation that

9  would have allowed employers to fire those who did not speak English in the

10  workplace. *Id.*

11      Plaintiffs also have proffered evidence of the impact these views had on

12  the agency's decision-making process. As described above, Miller pressed the

13  agency to move faster in adopting the Rule. *See supra* at 6–7. And recently leaked

14  emails suggest that Miller is aligned with—if not supportive of—groups that

15  espouse white nationalist and anti-immigrant views. For example, Miller

16  indicated that he was an avid reader of a white supremacist website called

17  VDARE and the racist conspiracy theory website InfoWars.[6] In his emails, Miller

18  also recommended a racist novel titled "The Camp of Saints," which portrays

19

20

21      [6] *See* Michael Edison Hayden, *Stephen Miller's Affinity for White Nationalism Revealed in Leaked Emails*, Southern Poverty Law Center (Nov. 12, 2019), *available at* https://www.splcenter.org/hatewatch/2019/11/12/stephen-millers-affinity-white-nationalism-revealed-leaked-emails.

22

1    non-white immigrants as rapists who invade Europe.[7]

2    In addition to serving as evidence on their own, *see Arlington Heights*, 429

3    U.S. at 266–68, these statements also suggest that discovery may well uncover

4    further evidence that the Rule was motivated by unlawful discriminatory purpose.

5    At the very least, Plaintiffs are entitled to an opportunity to support their

6    allegations of animus against nonwhite immigrants. In order to conduct the

7    "sensitive inquiry" that a claim of discrimination "demands," Plaintiffs ask the

8    Court to allow limited discovery into "circumstantial and direct evidence" of

9    discriminatory intent. *Id.* at 266.

10    *    *    *

11    The recent litigation about the citizenship question in the 2020 census, *see*

12    *Department of Commerce v. New York*, 139 S. Ct. 2551 (2019), highlights the

13    importance of appropriate discovery in assessing the purported justifications for

14    this Administration's actions. After numerous disputes before the district court

15    as to the scope of discovery on the plaintiffs' APA claims, the Supreme Court

16    held that extra-record discovery underlying the Administration's decision to add

17    a citizenship question to the decennial census "was ultimately justified." *Id.* at

18    2574. And, based on the full record presented, the Supreme Court concluded that

19    the evidence "t[old] a story that d[id] not match the explanation the [agency] gave

20

21

22    ---
    [7] *Id.*

PLS' MOT. TO COMPEL                 14           ATTORNEY GENERAL OF WASHINGTON
PRIVILEGE LOG AND                                   8127 W. Klamath Court, Suite A
DISCOVERY ON COUNT IV                                    Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                      (509) 734-7285

1    for [its] decision." *Id.* at 2575.[8] The history of that litigation demonstrates

2    precisely why Plaintiffs should be permitted to test Defendants' claims of

3    privilege and conduct discovery to which they are entitled.

4                           **IV.    CONCLUSION**

5        Plaintiffs respectfully request that this Court enter an order: (1) compelling

6    Defendants to produce a privilege log of documents that have been withheld from

7    the administrative record as produced on November 25, 2019, and (2) permitting

8    Plaintiffs to conduct discovery on their Equal Protection claim.[9]

9

10

11

12

13

14

15    _____

16        [8] After evidence was unearthed (outside the litigation) reflecting that
    defendants in that case "withheld documents relating to contacts with the White
17    House[ and] contacts with [political strategist] Hofeller," among other materials,
    plaintiffs sought sanctions. *See Department of Commerce v. New York*, No. 1:18-
18    cv-02921 (S.D.N.Y.), ECF No. 635 at 1, 4, 13. That motion is pending before the
    district court.

19        [9] Plaintiffs move the Court for this relief now in an effort to litigate this
    case in an expeditious manner, but note that they are still in the process of
20    reviewing the record produced on November 25. Plaintiffs reserve their rights to
    seek further discovery-related relief as necessary, including (but not limited to)
21    completing or supplementing the administrative record, seeking extra-record
    discovery on their APA claim if appropriate, and challenging any questionable
22    claims of privilege Defendants may assert.

PLS' MOT. TO COMPEL                  15            ATTORNEY GENERAL OF WASHINGTON
PRIVILEGE LOG AND                                        8127 W. Klamath Court, Suite A
DISCOVERY ON COUNT IV                                        Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                            (509) 734-7285

1         RESPECTFULLY SUBMITTED this 19th day of December 2019.

2                      ROBERT W. FERGUSON
                  Attorney General of Washington

3

                  */s/ Jeffrey T. Sprung*

4                      RENE D. TOMISSER, WSBA #17509
                  Senior Counsel

5                      JEFFREY T. SPRUNG, WSBA #23607
                  ZACHARY P. JONES, WSBA #44557

6                      JOSHUA WEISSMAN, WSBA #42648
                  PAUL M. CRISALLI, WSBA #40681

7                      NATHAN K. BAYS, WSBA #43025
                  BRYAN M.S. OVENS, WSBA #32901

8                      Assistant Attorneys General
                  8127 W. Klamath Court, Suite A

9                      Kennewick, WA 99336
                  (509) 734-7285

10                     Rene.Tomisser@atg.wa.gov
                  Jeff.Sprung@atg.wa.gov

11                     Zach.Jones@atg.wa.gov
                  Joshua.Weissman@atg.wa.gov

12                     Paul.Crisalli@atg.wa.gov
                  Nathan.Bays@atg.wa.gov

13                     Bryan.Ovens@atg.wa.gov
                  *Attorneys for Plaintiff State of Washington*

14

15

16

17

18

19

20

21

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

16

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

MARK R. HERRING
Attorney General of Virginia

*/s/ Michelle S. Kallen*
MICHELLE S. KALLEN, VSB #93286
Deputy Solicitor General
JESSICA MERRY SAMUELS, VSB # 89537
Assistant Solicitor General
RYAN SPREAGUE HARDY, VSB #78558
ALICE ANNE LLOYD, VSB #79105
MAMOONA H. SIDDIQUI, VSB #46455
Assistant Attorneys General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240
MKallen@oag.state.va.us
JSamuels@oag.state.va.us
RHardy@oag.state.va.us
ALloyd@oag.state.va.us
MSiddiqui@oag.state.va.us
SolicitorGeneral@oag.state.va.us
*Attorneys for Plaintiff Commonwealth of*
*Virginia*


PHIL WEISER
Attorney General of Colorado

*/s/ Eric R. Olson*
ERIC R. OLSON, #36414
Solicitor General
Office of the Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508 6548
Eric.Olson@coag.gov
*Attorneys for Plaintiff the State of Colorado*

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

17

1                    KATHLEEN JENNINGS
                       Attorney General of Delaware
2                    AARON R. GOLDSTEIN
                       State Solicitor
3                    ILONA KIRSHON
                       Deputy State Solicitor

4                    */s/ Monica A. Horton*
5                    MONICA A. HORTON, #5190
                       Deputy Attorney General
6                    820 North French Street
                       Wilmington, DE  19801
7                    Monica.horton@delaware.gov
                       *Attorneys for Plaintiff the State of Delaware*

8

9                    KWAME RAOUL
                       Attorney General of Illinois
10
                    */s/ Liza Roberson-Young*
11                  LIZA ROBERSON-YOUNG, #6293643
                       Public Interest Counsel
12                  Office of the Illinois Attorney General
                       100 West Randolph Street, 11th Floor
13                  Chicago, IL 60601
                       (312) 814-5028
14                  ERobersonYoung@atg.state.il.us
                       *Attorney for Plaintiff State of Illinois*

15

16                  CLARE E. CONNORS
                       Attorney General of Hawaiʻi
17
                    */s/ Lili A. Young*
18                  LILI A. YOUNG, #5886
                       Deputy Attorney General
19                  Department of the Attorney General
                       425 Queen Street
20                  Honolulu, HI  96813
                       (808) 587-3050
21                  Lili.A.Young@hawaii.gov
                       *Attorneys for Plaintiff State of Hawaiʻi*

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

18

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    BRIAN E. FROSH
     Attorney General of Maryland
2
     /s/ Jeffrey P. Dunlap
3    JEFFREY P. DUNLAP, #1812100004
     Assistant Attorney General
4    200 St. Paul Place
     Baltimore, MD 21202
5    T: (410) 576-7906
     F: (410) 576-6955
6    JDunlap@oag.state.md.us
     Attorneys for Plaintiff State of Maryland
7

8    MAURA HEALEY
     Attorney General of Commonwealth of
9    Massachusetts

10   /s/ Abigail B. Taylor
     ABIGAIL B. TAYLOR, #670648
11   Chief, Civil Rights Division
     DAVID UREÑA, #703076
12   Special Assistant Attorney General
     ANGELA BROOKS, #663255
13   Assistant Attorney General
     Office of the Massachusetts Attorney General
14   One Ashburton Place
     Boston, MA 02108
15   (617) 963-2232
     abigail.taylor@mass.gov
16   david.urena@mass.gov
     angela.brooks@mass.gov
17   Attorneys for Plaintiff Commonwealth of
     Massachusetts
18

19

20

21

22

PLS' MOT. TO COMPEL                           19                ATTORNEY GENERAL OF WASHINGTON
PRIVILEGE LOG AND                                                   8127 W. Klamath Court, Suite A
DISCOVERY ON COUNT IV                                                    Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                                      (509) 734-7285

1

DANA NESSEL
Attorney General of Michigan

2

/s/Toni L. Harris

3

FADWA A. HAMMOUD, #P74185
Solicitor General

4

TONI L. HARRIS, #P63111
*First Assistant Attorney General*

5

Michigan Department of Attorney General
P.O. Box 30758

6

Lansing, MI 48909
(517) 335-7603 (main)

7

HarrisT19@michigan.gov
Hammoudf1@michigan.gov

8

*Attorneys for the People of Michigan*

9

10

KEITH ELLISON
Attorney General of Minnesota

11

/s/ R.J. Detrick

R.J. DETRICK, #0395336

12

*Assistant Attorney General*
Minnesota Attorney General's Office

13

Bremer Tower, Suite 100
445 Minnesota Street

14

St. Paul, MN 55101-2128
(651) 757-1489

15

(651) 297-7206
Rj.detrick@ag.state.mn.us

16

*Attorneys for Plaintiff State of Minnesota*

17

18

19

20

21

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

20

1

AARON D. FORD
Attorney General of Nevada

2

*/s/ Heidi Parry Stern*

3

HEIDI PARRY STERN, #8873
Solicitor General

4

Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900

5

Las Vegas, NV 89101
HStern@ag.nv.gov

6

*Attorneys for Plaintiff State of Nevada*

7

8

GURBIR S. GREWAL
Attorney General of New Jersey

9

*/s/ Glenn J. Moramarco*

GLENN J. MORAMARCO, #030471987

10

Assistant Attorney General
Office of the Attorney General

11

Richard J. Hughes Justice Complex
25 Market Street, 1st Floor, West Wing

12

Trenton, NJ 08625-0080
(609) 376-3232

13

Glenn.Moramarco@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

14

15

HECTOR BALDERAS
Attorney General of New Mexico

16

*/s/ Tania Maestas*

17

TANIA MAESTAS, #20345
Chief Deputy Attorney General

18

P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508

19

tmaestas@nmag.gov
*Attorneys for Plaintiff State of New Mexico*

20

21

22

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Lauren E. Hill*
LAUREN E. HILL, #9830
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 x 2038
E-mail:  lhill@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

PLS' MOT. TO COMPEL
PRIVILEGE LOG AND
DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP                          22                          ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1

## <u>DECLARATION OF SERVICE</u>

2          I hereby declare that on this day I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the Court's CM/ECF System

4   which will serve a copy of this document upon all counsel of record.

5          DATED this 19th day of December 2019, at Seattle, Washington.

6

7                              */s/ Jeffrey T. Sprung*
                              JEFFREY T. SPRUNG, WSBA #23607
8                              Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PLS' MOT. TO COMPEL                         23          ATTORNEY GENERAL OF WASHINGTON
PRIVILEGE LOG AND                                          8127 W. Klamath Court, Suite A
DISCOVERY ON COUNT IV                                         Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                           (509) 734-7285