1   ROBERT W. FERGUSON
    *Attorney General*

2

3   JEFFREY T. SPRUNG, WSBA #23607
    ZACHARY P. JONES, WSBA #44557
    JOSHUA WEISSMAN, WSBA #42648

4   PAUL M. CRISALLI, WSBA #40681
    NATHAN K. BAYS, WSBA #43025

5   BRYAN M.S. OVENS, WSBA #32901
    *Assistant Attorneys General*

6   8127 W. Klamath Court, Suite A
    Kennewick, WA 99336

7   (509) 734-7285

8              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF WASHINGTON**

9                        **AT SPOKANE**

10  STATE OF WASHINGTON, et al.,            NO. 4:19-cv-05210-RMP

11              Plaintiffs,                 PLAINTIFFS' REPLY IN
                                            SUPPORT OF MOTION TO
12      v.                                  COMPEL PRODUCTION OF
                                            PRIVILEGE LOG AND
13  UNITED STATES DEPARTMENT                DISCOVERY ON COUNT IV
    OF HOMELAND SECURITY, a
14  federal agency, et al.                  Noted for: January 29, 2020
                                            Without Oral Argument
15              Defendants.

16

17

18

19

20

21

22

PLS' REPLY IN SUPP. OF MOT.                        ATTORNEY GENERAL OF WASHINGTON
TO COMPEL PRIVILEGE LOG                                  8127 W. Klamath Court, Suite A
AND DISCOVERY ON COUNT IV                                    Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                          (509) 734-7285

1    **I.    INTRODUCTION**

2    The weight of authority supports the relief Plaintiff States request.

3    Plaintiffs seek: (1) to conduct limited discovery on their Equal Protection Claim;

4    and (2) a basic description of the documents Defendants have withheld on the

5    basis of privilege, so that Plaintiffs—and, if necessary, this Court—can evaluate

6    whether Defendants have carried their burden in proving that a privilege applies.

7    Both forms of relief are expressly contemplated by Federal Rule of Civil

8    Procedure 26 and routinely provided as a matter of course.

9    Defendants insist that none of the usual rules apply because Plaintiffs have

10    sued a federal agency. According to Defendants, any challenge to federal *agency*

11    action—whether brought under the Administrative Procedure Act (APA) or

12    not—is strictly limited to an administrative record compiled unilaterally by the

13    very agency that has been charged with acting unlawfully. And when, as here,

14    questions arise about information not included in the record, Defendants insist

15    that the agency's decisions cannot be reviewed.

16    That is not the law in this Circuit. In arguing otherwise, Defendants

17    misread precedent and misstate the weight of authority. Further, accepting

18    Defendants' position would put agency action outside the reach of meaningful

19    judicial review. Plaintiffs are no less entitled to prove their case because they

20    assert both APA and constitutional claims, and Defendants must substantiate any

21    claims of privilege they invoke. Plaintiffs' motion should be granted in full.

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

1

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

## II.   ARGUMENT

**A.   Plaintiffs Are Entitled To Discovery On The Equal Protection Claim**

### 1.   The APA Does Not Displace Defendants' Discovery Obligations As To Independent Constitutional Claims

Under Federal Rule of Civil Procedure 26, Plaintiffs are entitled to discovery that is "relevant to any party's claim" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). For APA claims, this standard typically limits discovery to the administrative record because APA-style judicial review looks only to the evidence that was before the agency. *See* Pls.' Mot. to Compel (ECF No. 195) (Mot.) at 9–10. On this point, Plaintiffs and Defendants agree. *See* Defs.' Opp. to Mot. to Compel (ECF No. 198) (Opp.) at 2–3.

Defendants, however, attempt to take that well-established and non-controversial rule one step farther. According to Defendants, *any* claims made against an agency "are governed by the APA," and therefore subject to the same "record-review limitation." Opp. at 2–3. But Defendants cite no authority—other than the APA itself—in support of their view that the APA sweeps so broadly. And even if there may be good reason to limit discovery in other challenges to agency action—which Plaintiffs do not admit—that is certainly not the case for claims that allege unlawful discriminatory purpose.

For those claims, Defendants appear to agree that "discovery is important where discrimination is alleged." Opp. at 6 (internal quotation marks omitted). As Plaintiffs have explained, that view is consistent with the weight of authority. Mot. at 9–12. Only through discovery beyond the administrative record can

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

2

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    Plaintiffs—and eventually the Court—conduct the "sensitive inquiry into such

2    circumstantial and direct evidence of intent as may be available" that allegations

3    of "invidious discriminatory purpose . . . demand[]." *Vill. of Arlington Heights v.*

4    *Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977); *City of Richmond v. J.A.*

5    *Croson Co.*, 488 U.S. 469, 493 (1989) (noting importance of "searching judicial

6    inquiry" to "smoke out" unlawful discrimination).

7         In arguing otherwise, Defendants misread Supreme Court precedent.

8    According to Defendants, *Department of Commerce v. New York*, 139 S. Ct. 2551

9    (2019), supports their position because the Court "specifically concluded that the

10   presumption of record review applied even where Plaintiffs brought equal

11   protection and other constitutional claims." Opp. at 5. But a close read of the *New*

12   *York* decision in the context of that case's litigation history confirms that the

13   Court said no such thing.

14        Although it is true that the plaintiffs in *New York* originally brought an

15   Equal Protection claim, that claim was not before the Supreme Court when it

16   issued this decision. *New York*, 139 S. Ct. at 2563. Instead, the constitutional

17   claim had been previously dismissed and was not at issue on appeal. *Id.* at 2564.

18   Accordingly, the Supreme Court's analysis at 2573–74—on which Defendants

19   here rely—involved only APA claims, *not* independent constitutional claims. *Id.*

20   at 2573–74; *see also id.* at 2576 (describing requirements "under the

21   Administrative Procedure Act"). Whatever the Supreme Court may have said

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

3

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    about extra-record discovery for APA claims,[1] the decision says nothing about

2    discovery on an independent constitutional claim. *See Mayor & City Council of*

3    *Baltimore v. Trump*, No. CV ELH-18-3636, 2019 WL 6970631, at *8 (D. Md.

4    Dec. 19, 2019) (agreeing that *New York* does not foreclose discovery on Equal

5    Protection claims, and noting that "the government's cherry-picked quote [from

6    *New York*] does not support its position").

7        Plaintiffs are therefore entitled to conduct the discovery they could

8    otherwise seek had they brought only their Equal Protection claim. *See Webster*

9    *v. Doe*, 486 U.S. 592, 604 (1988) (district court may allow discovery related to

10   constitutional claims in APA case as balanced against countervailing concerns);

11   *Grill v. Quinn*, No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal.

12   Jan. 20, 2012) (allowing "discovery as to the non-APA [constitutional] claim");

13   *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990) (considering affidavits

14   outside the administrative record as to constitutional challenges), *aff'd*, 937 F.2d

15   623 (Fed. Cir. 1991).

16       Defendants do not contest that these decisions support extra-record

17   discovery. *See* Opp. at 6–7 & n.2. Instead, Defendants' only response is to

18   minimize the importance of discovery on the facts of those cases, or question

19   whether those decisions were "properly decided." *Id.* at 7. By contrast, ample

20   _____

21       [1] Plaintiffs note that the Court held such discovery was "ultimately

22   justified." *New York*, 139 S. Ct. at 2574.

PLS' REPLY IN SUPP. OF MOT.                    4        ATTORNEY GENERAL OF WASHINGTON
TO COMPEL PRIVILEGE LOG                                 8127 W. Klamath Court, Suite A
AND DISCOVERY ON COUNT IV                                    Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                          (509) 734-7285

1    authority—from cases against federal defendants that also involved APA

2    claims—supports Plaintiffs' entitlement to discovery here. *See Bolton v. Pritzker*,

3    No. C15-1607 MJP, 2016 WL 4555467, at *4 (W.D. Wash. Sept. 1, 2016) ("[A]

4    direct constitutional challenge is reviewed independent of the APA, and as such

5    the court is entitled to look beyond the administrative record in regard to such a

6    claim." (internal quotation marks omitted)); *Vietnam Veterans of Am. v. C.I.A.*,

7    No. 09-CV-0037 CW JSC, 2011 WL 4635139, at *5 (N.D. Cal. Oct. 5, 2011)

8    (explaining that government's "objection to discovery under the APA is

9    misplaced" because the plaintiffs asserted a "constitutional claim"); *Damus v.

10   Nielsen*, No. CV 18-578 (JEB), 2019 WL 1003440, at *4 (D.D.C. Feb. 28, 2019)

11   ("The general rule, of course, is that discovery is not available in an APA

12   case . . . . No such rule exists in constitutional cases."); *Nat'l Med. Enterprises,

13   Inc. v. Shalala*, 826 F. Supp. 558, 565 (D.D.C. 1993) ("While it is generally true

14   that the focal point for judicial review should be the administrative record already

15   in existence, . . . there are a number of exceptions to this rule. Chief among these

16   is a . . . constitutional claim." (internal citations and quotation marks omitted)),

17   *aff'd*, 43 F.3d 691 (D.C. Cir. 1995).

18          Defendants rely on a handful of district court cases to argue that the APA's

19   record limitation applies more broadly than the APA itself. *See* Opp. at 3–4. But

20   most of those cases do not involve discovery for Equal Protection claims, and the

21   two decisions where Equal Protection claims were addressed in the relevant

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

5

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    discussion did not involve a suspect class.[2] By contrast, Plaintiffs here allege an

2    unlawful "intent to discriminate on the basis of race, ethnicity, or national origin."

3    Am. Compl. (ECF No. 31) ¶ 430.

4        Importantly, Plaintiffs' Equal Protection claim is not merely duplicative of

5    the APA claims alleged here. As the Amended Complaint lays out, Plaintiffs

6    contend that the Rule is invalid under the APA because: (1) it is inconsistent with

7    several federal statutes (Count I); (2) DHS acted *ultra vires* in adopting the Rule

8    (Count II); and (3) the Rule is arbitrary or capricious (Count III). Separately,

9    Plaintiffs contend that the Rule violates the Fifth Amendment's Equal Protection

10   guarantee because it was motivated by an unlawful discriminatory intent (Count

11   IV). *See* Am. Compl. ¶¶ 415–33. The mere fact that Plaintiffs have asserted these

12   claims together in the same lawsuit does not somehow displace Defendants'

13   obligations under Rule 26.

14       **2.    Plaintiffs Have Made A More Than Adequate Showing To Permit Discovery To Proceed**

15   In seeking to prevent all discovery, Defendants suggest Plaintiffs must

16   conclusively *prove* their allegations of discrimination before seeking any

17

18   _____

19       [2] *Jiahao Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST,

20   2019 WL 293379, at *2 (N.D. Cal. Jan. 23, 2019) ("[n]o suspect class is alleged

21   [for] the equal protection claim"); *Chiayu Chang v. United States Citizenship &*

22   *Immigration Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (same).

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

6

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1   information about them. *See* Opp. at 7–8. That argument substantially overstates

2   Plaintiffs' burden. At this early stage in the litigation, Plaintiffs need to show

3   only that discovery would be "relevant" to their claims and "proportional to the

4   needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Shoen v. Shoen*, 5 F.3d 1289,

5   1292 (9th Cir. 1993) (explaining that "discovery is ordinarily accorded a broad

6   and liberal treatment" because "wide access to relevant facts serves the integrity

7   and fairness of the judicial process by promoting the search for the truth"

8   (quotation marks and citations omitted)).

9         Plaintiffs have proffered significant public-record evidence that is more

10  than sufficient to carry their burden. *See* Mot. at 12–14. As Plaintiffs described

11  in their motion, high-ranking Administration officials have made statements

12  evincing animus toward immigrants of color. *Id.* at 12. Recently leaked emails

13  suggest that one of these officials, Stephen Miller, is sympathetic to groups with

14  white nationalist and anti-immigrant views. *Id.* at 13. And it is undisputed that

15  Miller was deeply involved in the adoption of the Rule, including his demands

16  on more than one occasion that the agency move faster. *Id.* at 7.

17        Whatever responses or explanations Defendants may have, *see* Opp. at 7–

18  8 & n.3, such evidence more than satisfies Plaintiffs' minimal burden under

19  Rule 26. It also guards against Defendants' suggestion that allowing discovery

20  here would open the floodgates in every suit challenging agency action. *Id.* at 4–

21  5. Plaintiffs have proffered specific evidence in support of their request to

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

7

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    conduct limited discovery on this particular Equal Protection claim.

2         Nor are Defendants correct that Plaintiffs' Equal Protection claim is

3    governed by the rational basis standard. *See* Opp. at 8–9. It is well settled that

4    claims of discrimination on the basis of race or ethnicity "must meet strict

5    scrutiny." *Fisher v. Univ. of Texas at Austin*, 570 U.S. 297, 307 (2013). And

6    "equal protection claims do not necessarily receive rational basis review simply

7    because they are in the immigration context." *Dent v. Sessions*, 900 F.3d 1075,

8    1081 (9th Cir. 2018). Although certain constitutional protections are unavailable

9    to individuals outside the United States, that is not the case for those already here.

10   The Fifth Amendment—including its Equal Protection guarantee—"applies to all

11   'persons' within the United States, including aliens, whether their presence here

12   is lawful, unlawful, temporary, or permanent."[3] *Zadvydas v. Davis*, 533 U.S. 678,

13   693 (2001). Accordingly, Plaintiffs' Equal Protection claim is subject to strict

14   scrutiny, not rational basis. *E.g.*, *Sessions v. Morales-Santana*, 137 S. Ct. 1678,

15   1689–90 (2017) (holding that heightened scrutiny applied to gender-based

16   classifications in INA's citizenship provision).

17   _____

18        [3] The two cases Defendants cite are distinguishable on this basis because

19   they involved challenges to executive decisions regarding "the entry of foreign

20   nationals" into the United States. *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 n.5

21   (2018); *Mayor & City Council of Baltimore*, 2019 WL 6970631, at *10. The Rule

22   here applies to individuals who are "lawfully present." Am. Compl. ¶ 15.

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

8

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    In any event, even if the rational basis standard were found to apply here,

2    that determination has no bearing on *whether* Plaintiffs may seek to prove their

3    allegations. Instead, disputes about the applicable standard of review will only

4    impact *how* the Court will eventually consider the evidence. Applying a lower

5    standard would not block access to that evidence in the first place. *See Hawaii*,

6    138 S. Ct. at 2420 (noting that, in applying rational basis review, court "may

7    consider plaintiffs' extrinsic evidence").

8    Finally, Defendants' attempt to further delay these proceedings should be

9    rejected.    Although    Defendants    request    that    any    discovery    be

10    "postpone[ed] . . . until after resolution of a motion to dismiss," Opp. at 9 n.4,

11    last month Defendants specifically agreed with Plaintiffs that these discovery

12    disputes "should be resolved before [the parties] submit a dispositive motion

13    briefing schedule and deadline for Defendants' responsive pleading," Status

14    Report (ECF No. 193) at 2. Defendants requested a ruling on these discovery

15    issues prior to submitting their motion to dismiss because "a decision on whether

16    there will be discovery in this case could impact the schedule for dispositive

17    motions and the scope of such motions." *Id.* at 3–4. Consistent with these

18    representations, the parties have presented these issues to the Court for resolution,

19    and Defendants may not now offer a contradictory view as to the proper sequence

20    of this litigation. Likewise, Defendants should not be permitted to submit further

21    briefing on this question. *See* Opp. at n.4. Plaintiffs' request to conduct limited

22

PLS' REPLY IN SUPP. OF MOT.                9
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

discovery on their Equal Protection claim should be granted, and that discovery should proceed without further delay.

**B.     A Privilege Log Is Required To Evaluate Whether Defendants Have Properly Excluded Information From The Record**

Defendants do not deny that they have withheld documents from the Administrative Record produced November 25, 2019. Nor do they dispute their burden to show that any privilege applies. *See* Mot. at 5. Instead, Defendants argue that, because privileged materials are not part of the administrative record, Defendants are entitled to *unilaterally* designate documents and withhold them on the basis of privilege, and those unilateral decisions are entirely shielded from judicial review. *See* Opp. at 9–15.

This audacious position is not the law of this Circuit. *See Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) ("[T]he government is wrong to assert that [potentially deliberative materials], as a categorical matter, should be excluded from the [administrative record].");
*Ctr. for Food Safety v. Vilsack*, No. 15CV01590HSGKAW, 2017 WL 1709318, at *5 (N.D. Cal. May 3, 2017) ("Defendants . . . have not pointed to binding Ninth Circuit authority that stands for the proposition that in an APA action, an agency may withhold documents on the basis of privilege without providing so much as a privilege log.").

Further, Defendants speak out of both sides of their mouth. Just last month, in another APA case in this Circuit, they voluntarily agreed to submit a privilege

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

10

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1     log. In *Doe v. Trump*, No. 3:19-cv-01743-SI (D. Or.), a case challenging the

2     presidential proclamation requiring qualified immigrants to have health

3     insurance or sufficient wealth in order to obtain visas, Defendants submitted a

4     Joint Proposed Case Management Order that committed to "provide Plaintiffs

5     with a privilege log . . . [of] any documents withheld or redacted under any claim

6     or privilege other than the deliberative process privilege." Joint Proposed Case

7     Management Order (ECF No. 116) ¶ 2 (Dec. 25, 2019) (attached as Ex. A to

8     Decl. of Jeffrey T. Sprung in Supp. of Pls.' Reply Mem.). If, as Defendants argue,

9     the law in this Circuit completely barred privilege logs in APA cases, they would

10    not have voluntarily agreed to produce one.

11         Defendants argue that production of a privilege log is not "compulsory" in

12    this Circuit (Opp. at 13), but this does not address Plaintiffs' argument. Plaintiffs

13    contend instead that it is a proper exercise of this Court's discretion to order one

14    here. Ninth Circuit authority confirms Plaintiffs' position. That Court has

15    expressly held that it is *not* clear error to require a privilege log in APA cases. *In*

16    *re United States*, 875 F.3d 1200, 1210 (9th Cir.), *vacated on other grounds*, 138

17    S. Ct. 443 (2017). Although Defendants make much of the fact that the *In re*

18    *United States* decision has since been vacated, the Supreme Court's order said

19    nothing about the propriety of privilege logs. *See In re United States*, 138 S. Ct.

20    443 (2017). And the mandamus posture of *In re United States* (*see* Opp. at 13–

21    14) proves Plaintiffs' point, not Defendants'—if ordering a privilege log were

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

11

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    clear error, the Ninth Circuit's decision would have come out the other way.[4]

2    Further, the Ninth Circuit has adhered to its view, rejecting another more recent

3    attempt by the Federal Government to vacate (on mandamus) an order requiring

4    an agency to prepare a privilege log to accompany the administrative record. *See*

5    Order (ECF No. 20) (denying petition for mandamus), Pet. for Writ of Mandamus

6    (ECF No. 1), *In re Thomas E. Price*, No. 17-71121 (9th Cir. 2018).

7        In attempting to recast the weight of authority, Defendants effectively

8    concede that at least two decisions by federal courts in this state support

9    Plaintiffs' position. *See* Opp. at 12–15 & n.5. In both *Washington v. United States*

10    *Dep't of State*, No. C18-1115RSL, 2019 WL 1254876 (W.D. Wash. Mar. 19,

11    2019), and *Kalispel Tribe of Indians v. United States Dep't of the Interior*, No.

12    2:17-CV-0138-WFN, 2018 WL 9391703 (E.D. Wash. Mar. 8, 2018), the courts

13    ordered the Federal Government to provide privilege logs identifying documents

14    that had been withheld.

15        These decisions are consistent with the Ninth Circuit's observation that

16    "many district courts within this circuit have required a privilege log and in

17

_____

18        [4] The other Ninth Circuit case Defendants cite, *Cook Inletkeeper v. U.S.*

19    *E.P.A.*, 400 F. App'x 239 (9th Cir. 2010), is not on point because the agency there

20    explicitly "denie[d] that it considered the documents at issue." *Id.* at 240. Here,

21    by contrast, Plaintiffs have identified several significant documents that were

22    before DHS but not included in the record. *See* Mot. at 6–7.

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

12

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    camera analysis of assertedly deliberative materials in APA cases." *In re United*

2    *States*, 875 F.3d at 1210; *see also, e.g.*, *Indigenous Envtl. Network v. United*

3    *States Dep't of State*, No. CV-17-29-GF-BMM, 2018 WL 1796217, at *3 (D.

4    Mont. Apr. 16, 2018) (ordering federal defendants in APA case to provide

5    privilege log); *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL

6    3126401, at *4 (N.D. Cal. June 26, 2018) (same); *Ctr. for Food Safety*, 2017 WL

7    1709318, at *5 (same); *Inst. for Fisheries Res.*, 2017 WL 89003, at *1 (same);

8    *Gill v. Dep't of Justice*, No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *7

9    (N.D. Cal. Dec. 18, 2015) (same).[5]

10        Accepting Defendants' position would allow the Federal Government to

11    unilaterally curate the evidence without any record or review. But as

12    Judge Lasnik recently ruled, "[a]n agency may not simply declare that it has

13    withheld privileged documents without disclosing their existence, identifying the

14    ———————————————

15        [5] Against the strong weight of authority in this circuit, Defendants cite only

16    two opinions from district courts within the Ninth Circuit. The first, *California v.*

17    *U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM, 2014 WL 1665290, at *13 (E.D.

18    Cal. Apr. 24, 2014), pre-dated the Ninth Circuit's recent discussion and (in one

19    sentence) adopted a decision from D.C. The second, *ASSE Int'l, Inc. v. Kerry*,

20    No. SACV1400534CJCJPRX, 2018 WL 3326687, at *3–4 (C.D. Cal. Jan. 3,

21    2018), apart from citing the above decision in *California*, likewise relied

22    exclusively on authority from D.C.

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP
    13    
ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    privilege asserted, or providing plaintiffs and the Court with enough information

2    to test the assertion." *Washington*, 2019 WL 1254876, at *2. To ensure that

3    judicial review under the APA proceeds on the basis of "[t]he *whole*

4    administrative record," a privilege log is necessary. *Thompson v. U.S. Dep't of*

5    *Labor*, 885 F.2d 551, 555 (9th Cir.1989) (emphasis added); *see* Mot. at 4–5.

6        Most of Defendants' arguments on this point go to the question of whether

7    any assertedly privileged documents should be disclosed. *See* Opp. at 11–12. But

8    those responses ignore the threshold question presented by this motion: Whether

9    Defendants must even *identify* the documents that have been withheld.

10   Regardless of whether certain privileges may ultimately be found to apply,

11   Defendants cannot carry their burden without providing basic information about

12   what the documents are and why they are allegedly privileged. Any objections

13   Defendants will likely have to actually disclosing documents they claim to be

14   privileged will be addressed in the parties' negotiations on the subject and, if

15   necessary, further intervention by the Court.

16       Accordingly, none of the concerns Defendants identify about *disclosure*—

17   including any purported risk to "the integrity of the administrative process" or

18   the asserted potential for a "chilling effect" on agencies—are relevant to the first-

19   order question of whether they should be required to merely *log* the documents

20   that have been withheld. Opp. at 11–12. And, as Plaintiffs have explained, the

21   fact that a privilege may apply does not necessarily bar disclosure of the

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

14

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1   privileged information. Mot. at 5. These potential issues highlight the precise

2   reasons that Plaintiffs' motion should be granted.

3   **C.    Equal Protection Discovery And A Privilege Log Will Allow Discovery And Record-Related Disputes To Surface Without Delay**

4

5   Recent litigation involving a citizenship question in the census underscores

6   the need to fully consider discovery requests at the time they arise. Even after

7   that case had been decided by the Supreme Court, the district court is still

8   adjudicating a motion for sanctions based in part on those defendants' production

9   of a "woefully incomplete" administrative record that failed to include (among

10   other things) documents relating to contacts with the White House. *See* Mot. for

11   Sanctions (ECF No. 635), *Department of Commerce v. New York*, No. 1:18-cv-

12   02921, at 1–4, 13 (S.D.N.Y. July 16, 2019). Whatever the outcome of that

13   motion, it highlights the importance of Plaintiffs' requests here. Without

14   discovery on the Equal Protection claim and a privilege log to accompany the

15   administrative record, neither Plaintiffs nor this Court will be able to fairly

16   evaluate the allegations of discrimination or Defendants' assertions of privilege.

17   Granting Plaintiffs' motion will ensure that any potential discovery issues or

18   record omissions are brought to light as early as possible.

### III.   CONCLUSION

19   Plaintiffs' motion to compel should be granted as to both (1) discovery on

20   Count IV, and (2) Defendants' production of a privilege log.

21

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

15

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1         RESPECTFULLY SUBMITTED this 28th day of January 2020.

2                             ROBERT W. FERGUSON
                              Attorney General of Washington

3

4                             */s/ Jeffrey T. Sprung*
                              JEFFREY T. SPRUNG, WSBA #23607

5                              ZACHARY P. JONES, WSBA #44557
                              JOSHUA WEISSMAN, WSBA #42648

6                              PAUL M. CRISALLI, WSBA #40681
                              NATHAN K. BAYS, WSBA #43025

7                              BRYAN M.S. OVENS, WSBA #32901
                              Assistant Attorneys General

8                              8127 W. Klamath Court, Suite A
                              Kennewick, WA 99336

9                              (509) 734-7285
                              Jeff.Sprung@atg.wa.gov

10                            Zach.Jones@atg.wa.gov
                              Joshua.Weissman@atg.wa.gov

11                            Paul.Crisalli@atg.wa.gov
                              Nathan.Bays@atg.wa.gov

12                            Bryan.Ovens@atg.wa.gov
                            *Attorneys for Plaintiff State of Washington*

13

14

15

16

17

18

19

20

21

22

PLS' REPLY IN SUPP. OF MOT.         16         ATTORNEY GENERAL OF WASHINGTON
TO COMPEL PRIVILEGE LOG                    8127 W. Klamath Court, Suite A
AND DISCOVERY ON COUNT IV                  Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                      (509) 734-7285

1              MARK R. HERRING
                 Attorney General of Virginia

2

                 */s/ Michelle S. Kallen*

3              MICHELLE S. KALLEN, VSB #93286
                 Deputy Solicitor General

4              JESSICA MERRY SAMUELS, VSB #89537
                 Assistant Solicitor General

5              RYAN SPREAGUE HARDY, VSB #78558
                 ALICE ANNE LLOYD, VSB #79105

6              MAMOONA H. SIDDIQUI, VSB #46455
                 Assistant Attorneys General

7              Office of the Attorney General
                 202 North Ninth Street

8              Richmond, Virginia 23219
                 (804) 786-7240

9              MKallen@oag.state.va.us
                 JSamuels@oag.state.va.us

10            RHardy@oag.state.va.us
                 ALloyd@oag.state.va.us

11            MSiddiqui@oag.state.va.us
                 SolicitorGeneral@oag.state.va.us

12            *Attorneys for Plaintiff Commonwealth of*
                 *Virginia*

13

14            PHIL WEISER
                 Attorney General of Colorado

15

                 */s/ Eric R. Olson*

16            ERIC R. OLSON, #36414
                 Solicitor General

17            Office of the Attorney General
                 Colorado Department of Law

18            1300 Broadway, 10th Floor
                 Denver, CO 80203

19            (720) 508 6548
                 Eric.Olson@coag.gov

20            *Attorneys for Plaintiff the State of Colorado*

21

22

PLS' REPLY IN SUPP. OF MOT.       17       ATTORNEY GENERAL OF WASHINGTON
TO COMPEL PRIVILEGE LOG                 8127 W. Klamath Court, Suite A
AND DISCOVERY ON COUNT IV               Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                    (509) 734-7285

1   KATHLEEN JENNINGS
    Attorney General of Delaware
2   AARON R. GOLDSTEIN
    State Solicitor
3   ILONA KIRSHON
    Deputy State Solicitor
4
    */s/ Monica A. Horton*
5   MONICA A. HORTON, #5190
    Deputy Attorney General
6   820 North French Street
    Wilmington, DE  19801
7   Monica.horton@delaware.gov
    *Attorneys for Plaintiff the State of Delaware*
8
9   KWAME RAOUL
    Attorney General of Illinois
10
    */s/ Liza Roberson-Young*
11  LIZA ROBERSON-YOUNG, #6293643
    Public Interest Counsel
12  Office of the Illinois Attorney General
    100 West Randolph Street, 11th Floor
13  Chicago, IL 60601
    (312) 814-5028
14  ERobersonYoung@atg.state.il.us
    *Attorney for Plaintiff State of Illinois*
15
16  CLARE E. CONNORS
    Attorney General of Hawaiʻi
17
    */s/ Lili A. Young*
18  LILI A. YOUNG, #5886
    Deputy Attorney General
19  Department of the Attorney General
    425 Queen Street
20  Honolulu, HI  96813
    (808) 587-3050
21  Lili.A.Young@hawaii.gov
    *Attorneys for Plaintiff State of Hawaiʻi*
22

PLS' REPLY IN SUPP. OF MOT.                    18
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

BRIAN E. FROSH
Attorney General of Maryland

*/s/ Jeffrey P. Dunlap*
JEFFREY P. DUNLAP, #1812100004
Assistant Attorney General
200 St. Paul Place
Baltimore, MD 21202
T: (410) 576-7906
F: (410) 576-6955
JDunlap@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

MAURA HEALEY
Attorney General of Commonwealth of
Massachusetts

*/s/ Abigail B. Taylor*
ABIGAIL B. TAYLOR, #670648
Chief, Civil Rights Division
DAVID UREÑA, #703076
Special Assistant Attorney General
ANGELA BROOKS, #663255
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2232
abigail.taylor@mass.gov
david.urena@mass.gov
angela.brooks@mass.gov
*Attorneys for Plaintiff Commonwealth of*
*Massachusetts*

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

19

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

DANA NESSEL
Attorney General of Michigan

*/s/Toni L. Harris*
FADWA A. HAMMOUD, #P74185
Solicitor General
TONI L. HARRIS, #P63111
*First Assistant Attorney General*
Michigan Department of Attorney General
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603 (main)
HarrisT19@michigan.gov
Hammoudf1@michigan.gov
*Attorneys for the People of Michigan*


KEITH ELLISON
Attorney General of Minnesota

*/s/ R.J. Detrick*
R.J. DETRICK, #0395336
*Assistant Attorney General*
Minnesota Attorney General's Office
Bremer Tower, Suite 100
445 Minnesota Street
St. Paul, MN 55101-2128
(651) 757-1489
(651) 297-7206
Rj.detrick@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

20

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1        AARON D. FORD
            Attorney General of Nevada

2

            */s/ Heidi Parry Stern*

3        HEIDI PARRY STERN, #8873
            Solicitor General

4        Office of the Nevada Attorney General
            555 E. Washington Ave., Ste. 3900

5        Las Vegas, NV 89101
            HStern@ag.nv.gov

6        *Attorneys for Plaintiff State of Nevada*

7

8        GURBIR S. GREWAL
            Attorney General of New Jersey

9        */s/ Glenn J. Moramarco*

10       GLENN J. MORAMARCO, #030471987
            Assistant Attorney General
            Office of the Attorney General

11       Richard J. Hughes Justice Complex
            25 Market Street, 1st Floor, West Wing

12       Trenton, NJ 08625-0080
            (609) 376-3232

13       Glenn.Moramarco@law.njoag.gov
            *Attorneys for Plaintiff State of New Jersey*

14

15       HECTOR BALDERAS
            Attorney General of New Mexico

16

            */s/ Tania Maestas*

17       TANIA MAESTAS, #20345
            Chief Deputy Attorney General

18       P.O. Drawer 1508
            Santa Fe, New Mexico 87504-1508

19       tmaestas@nmag.gov
            *Attorneys for Plaintiff State of New Mexico*

20

21

22

PLS' REPLY IN SUPP. OF MOT.
TO COMPEL PRIVILEGE LOG
AND DISCOVERY ON COUNT IV
NO. 4:19-cv-05210-RMP

21

1
                PETER F. NERONHA
                Attorney General of Rhode Island

2

                */s/ Lauren E. Hill*
3
                LAUREN E. HILL, #9830
                Special Assistant Attorney General
4
                Office of the Attorney General
                150 South Main Street
5
                Providence, Rhode Island 02903
                (401) 274-4400 x 2038
6
                E-mail:  lhill@riag.ri.gov
                *Attorneys for Plaintiff State of Rhode Island*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PLS' REPLY IN SUPP. OF MOT.        22        ATTORNEY GENERAL OF WASHINGTON
TO COMPEL PRIVILEGE LOG                   8127 W. Klamath Court, Suite A
AND DISCOVERY ON COUNT IV             Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                       (509) 734-7285

1

## **DECLARATION OF SERVICE**

2          I hereby declare that on this day I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the Court's CM/ECF System

4   which will serve a copy of this document upon all counsel of record.

5          DATED this 28th day of January 2020, at Seattle, Washington.

6

7                                        */s/ Jeffrey T. Sprung*
                                        JEFFREY T. SPRUNG, WSBA #23607
8                                        Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22