1   ROBERT W. FERGUSON
    *Attorney General*

2

3   JEFFREY T. SPRUNG, WSBA #23607
    ZACHARY P. JONES, WSBA #44557
    JOSHUA WEISSMAN, WSBA #42648

4   PAUL M. CRISALLI, WSBA #40681
    NATHAN K. BAYS, WSBA #43025

5   BRYAN M.S. OVENS, WSBA #32901
    *Assistant Attorneys General*

6   8127 W. Klamath Court, Suite A
    Kennewick, WA 99336

7   (509) 734-7285

8               **UNITED STATES DISTRICT COURT**
              **EASTERN DISTRICT OF WASHINGTON**

9                    **AT SPOKANE**

10  STATE OF WASHINGTON, et al.,          NO. 4:19-cv-05210-RMP

11              Plaintiffs,               NOTICE OF SUPPLEMENTAL
                                          AUTHORITY IN SUPPORT OF
12      v.                                PLAINTIFFS' MOTION TO
                                          COMPEL
13  UNITED STATES DEPARTMENT
    OF HOMELAND SECURITY, a

14  federal agency, et al.

15              Defendants.

16

17

18

19

20

21

22

1    Plaintiff States respectfully submit the recently issued Opinion and Order

2    in *New York v. United States Immigration and Customs Enforcement*, No. 19-cv-

3    8876 (S.D.N.Y. Feb. 9, 2020), as supplemental authority in support of their

4    pending Motion to Compel (ECF No. 195). The Opinion and Order is attached

5    here as Exhibit 1 and also reported at 2020 WL 604492.

6    After briefing was complete on Plaintiffs' pending Motion to Compel

7    (ECF No. 195), Judge Rakoff of the U.S. District Court for the Southern District

8    of New York issued the attached Opinion and Order directing federal defendants

9    "to produce a privilege log identifying deliberative materials withheld from the

10    administrative record." Ex. 1 at 9. In granting the New York plaintiffs' motion to

11    compel, the Court rejected many of the same arguments that Defendants have

12    made here in opposition to Plaintiffs' Motion.

13    First, the Court did not accept the position that, because privileged

14    materials are not part of the administrative record, an agency need not produce a

15    log of documents withheld from the record on the basis of privilege. Ex. 1 at 3–

16    4; *see also* ECF No. 198 at 10–14. Although the Court acknowledged that

17    "genuinely" privileged documents are not part of the administrative record, "[i]t

18    does not follow from this premise . . . that courts should not have a role in

19    reviewing whether this privilege was properly invoked and applied to particular

20    documents so withheld." Ex. 1 at 4. To the contrary, "[c]ourts routinely make

21    determinations of privilege in other contexts, and . . . . [t]here is no reason why

22

NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPP. OF PLS'
MOT. TO COMPEL
NO. 4:19-cv-05210-RMP

1

1    courts cannot make identical determinations in APA lawsuits." *Id.* Otherwise, a

2    defendant agency would have "sole, unreviewable authority to decide which

3    documents properly comprise the administrative record." *Id.* at 1.

4        Second, the Court rejected the argument that compelling an agency to

5    provide a privilege log would undermine the limited nature of judicial review in

6    APA actions. Ex. 1 at 4–6; *see also* ECF No. 198 at 11–12. Instead, the Court

7    explained that the opposite is true: "a court that allowed an agency to withhold

8    documents wrongly marked as deliberative would not be performing judicial

9    review in the exacting manner prescribed by the Supreme Court." Ex. 1 at 5. The

10    Court concluded that requiring a privilege log does not improperly expand the

11    scope of the record or the Court's review, but rather "simply allows the Court to

12    have some oversight of the agency's assertions of privilege, the same role it

13    would assume with respect to any other litigant." *Id.* at 9.

14        Plaintiffs respectfully request that the Court consider the attached Opinion

15    and Order as supplemental authority in support of their Motion.

16        RESPECTFULLY SUBMITTED this 11th day of February 2020.

17

18

19

20

21

22

NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPP. OF PLS'
MOT. TO COMPEL
NO. 4:19-cv-05210-RMP                            2          ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1    ROBERT W. FERGUSON
     Attorney General of Washington

2
     */s/ Jeffrey T. Sprung*
3    JEFFREY T. SPRUNG, WSBA #23607
     ZACHARY P. JONES, WSBA #44557
4    JOSHUA WEISSMAN, WSBA #42648
     PAUL M. CRISALLI, WSBA #40681
5    NATHAN K. BAYS, WSBA #43025
     BRYAN M.S. OVENS, WSBA #32901
6    Assistant Attorneys General
     8127 W. Klamath Court, Suite A
7    Kennewick, WA 99336
     (509) 734-7285
8    Jeff.Sprung@atg.wa.gov
     Zach.Jones@atg.wa.gov
9    Joshua.Weissman@atg.wa.gov
     Paul.Crisalli@atg.wa.gov
10   Nathan.Bays@atg.wa.gov
     Bryan.Ovens@atg.wa.gov
11   *Attorneys for Plaintiff State of Washington*

12

13

14

15

16

17

18

19

20

21

22

NOTICE OF SUPPLEMENTAL            3            ATTORNEY GENERAL OF WASHINGTON
AUTHORITY IN SUPP. OF PLS'                        8127 W. Klamath Court, Suite A
MOT. TO COMPEL                                        Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                   (509) 734-7285

1    MARK R. HERRING
     Attorney General of Virginia
2
     /s/ Michelle S. Kallen
3    MICHELLE S. KALLEN, VSB #93286
     Deputy Solicitor General
4    JESSICA MERRY SAMUELS, VSB #89537
     Assistant Solicitor General
5    RYAN SPREAGUE HARDY, VSB #78558
     ALICE ANNE LLOYD, VSB #79105
6    MAMOONA H. SIDDIQUI, VSB #46455
     Assistant Attorneys General
7    Office of the Attorney General
     202 North Ninth Street
8    Richmond, Virginia 23219
     (804) 786-7240
9    MKallen@oag.state.va.us
     JSamuels@oag.state.va.us
10   RHardy@oag.state.va.us
     ALloyd@oag.state.va.us
11   MSiddiqui@oag.state.va.us
     SolicitorGeneral@oag.state.va.us
12   *Attorneys for Plaintiff Commonwealth of
     Virginia*
13

14   PHIL WEISER
     Attorney General of Colorado
15
     /s/ Eric R. Olson
16   ERIC R. OLSON, #36414
     Solicitor General
17   Office of the Attorney General
     Colorado Department of Law
18   1300 Broadway, 10th Floor
     Denver, CO 80203
19   (720) 508 6548
     Eric.Olson@coag.gov
20   *Attorneys for Plaintiff the State of Colorado*

21

22

NOTICE OF SUPPLEMENTAL                    4          ATTORNEY GENERAL OF WASHINGTON
AUTHORITY IN SUPP. OF PLS'                            8127 W. Klamath Court, Suite A
MOT. TO COMPEL                                            Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                        (509) 734-7285

1    KATHLEEN JENNINGS
Attorney General of Delaware
2    AARON R. GOLDSTEIN
State Solicitor
3    ILONA KIRSHON
Deputy State Solicitor
4
      /s/ Monica A. Horton
5    MONICA A. HORTON, #5190
Deputy Attorney General
6    820 North French Street
Wilmington, DE  19801
7    Monica.horton@delaware.gov
Attorneys for Plaintiff the State of Delaware
8
9    KWAME RAOUL
Attorney General of Illinois
10
      /s/ Liza Roberson-Young
11    LIZA ROBERSON-YOUNG, #6293643
Public Interest Counsel
12    Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
13    Chicago, IL 60601
(312) 814-5028
14    ERobersonYoung@atg.state.il.us
Attorney for Plaintiff State of Illinois
15
16    CLARE E. CONNORS
Attorney General of Hawai'i
17
      /s/ Lili A. Young
18    LILI A. YOUNG, #5886
Deputy Attorney General
19    Department of the Attorney General
425 Queen Street
20    Honolulu, HI  96813
(808) 587-3050
21    Lili.A.Young@hawaii.gov
Attorneys for Plaintiff State of Hawai'i
22

NOTICE OF SUPPLEMENTAL                              5                    ATTORNEY GENERAL OF WASHINGTON
AUTHORITY IN SUPP. OF PLS'                                                        8127 W. Klamath Court, Suite A
MOT. TO COMPEL                                                                              Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                                                          (509) 734-7285

1      BRIAN E. FROSH
       Attorney General of Maryland
2
       /s/ Jeffrey P. Dunlap
3      JEFFREY P. DUNLAP, #1812100004
       Assistant Attorney General
4      200 St. Paul Place
       Baltimore, MD 21202
5      T: (410) 576-7906
       F: (410) 576-6955
6      JDunlap@oag.state.md.us
       Attorneys for Plaintiff State of Maryland
7

8      MAURA HEALEY
       Attorney General of Commonwealth of
9      Massachusetts

10     /s/ Abigail B. Taylor
       ABIGAIL B. TAYLOR, #670648
11     Chief, Civil Rights Division
       DAVID UREÑA, #703076
12     Special Assistant Attorney General
       ANGELA BROOKS, #663255
13     Assistant Attorney General
       Office of the Massachusetts Attorney General
14     One Ashburton Place
       Boston, MA 02108
15     (617) 963-2232
       abigail.taylor@mass.gov
16     david.urena@mass.gov
       angela.brooks@mass.gov
17     Attorneys for Plaintiff Commonwealth of
       Massachusetts
18

19

20

21

22

NOTICE OF SUPPLEMENTAL                          6                ATTORNEY GENERAL OF WASHINGTON
AUTHORITY IN SUPP. OF PLS'                                           8127 W. Klamath Court, Suite A
MOT. TO COMPEL                                                           Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                                       (509) 734-7285

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DANA NESSEL
Attorney General of Michigan

*/s/Toni L. Harris*
FADWA A. HAMMOUD, #P74185
Solicitor General
TONI L. HARRIS, #P63111
*First Assistant Attorney General*
Michigan Department of Attorney General
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603 (main)
HarrisT19@michigan.gov
Hammoudf1@michigan.gov
*Attorneys for the People of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ R.J. Detrick*
R.J. DETRICK, #0395336
*Assistant Attorney General*
Minnesota Attorney General's Office
Bremer Tower, Suite 100
445 Minnesota Street
St. Paul, MN 55101-2128
(651) 757-1489
(651) 297-7206
Rj.detrick@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPP. OF PLS'
MOT. TO COMPEL
NO. 4:19-cv-05210-RMP

7

1   AARON D. FORD
    Attorney General of Nevada
2
    */s/ Heidi Parry Stern*
3   HEIDI PARRY STERN, #8873
    Solicitor General
4   Office of the Nevada Attorney General
    555 E. Washington Ave., Ste. 3900
5   Las Vegas, NV 89101
    HStern@ag.nv.gov
6   *Attorneys for Plaintiff State of Nevada*

7
    GURBIR S. GREWAL
8   Attorney General of New Jersey

9   */s/ Glenn J. Moramarco*
    GLENN J. MORAMARCO, #030471987
10  Assistant Attorney General
    Office of the Attorney General
11  Richard J. Hughes Justice Complex
    25 Market Street, 1st Floor, West Wing
12  Trenton, NJ 08625-0080
    (609) 376-3232
13  Glenn.Moramarco@law.njoag.gov
    *Attorneys for Plaintiff State of New Jersey*
14

15  HECTOR BALDERAS
    Attorney General of New Mexico
16
    */s/ Tania Maestas*
17  TANIA MAESTAS, #20345
    Chief Deputy Attorney General
18  P.O. Drawer 1508
    Santa Fe, New Mexico 87504-1508
19  tmaestas@nmag.gov
    *Attorneys for Plaintiff State of New Mexico*
20

21

22

NOTICE OF SUPPLEMENTAL                8        ATTORNEY GENERAL OF WASHINGTON
AUTHORITY IN SUPP. OF PLS'                            8127 W. Klamath Court, Suite A
MOT. TO COMPEL                                           Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                        (509) 734-7285

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Lauren E. Hill*
LAUREN E. HILL, #9830
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 x 2038
E-mail:  lhill@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPP. OF PLS'
MOT. TO COMPEL
NO. 4:19-cv-05210-RMP

9

ATTORNEY GENERAL OF WASHINGTON
8127 W. Klamath Court, Suite A
Kennewick, WA 99336
(509) 734-7285

1

## __DECLARATION OF SERVICE__

2        I hereby declare that on this day I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the Court's CM/ECF System

4   which will serve a copy of this document upon all counsel of record.

5        DATED this 11th day of February 2020, at Seattle, Washington.

6

7                          _/s/ Jeffrey T. Sprung_
                         JEFFREY T. SPRUNG, WSBA #23607

8                        Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

NOTICE OF SUPPLEMENTAL                    10                ATTORNEY GENERAL OF WASHINGTON
AUTHORITY IN SUPP. OF PLS'                                      8127 W. Klamath Court, Suite A
MOT. TO COMPEL                                                     Kennewick, WA 99336
NO. 4:19-cv-05210-RMP                                                (509) 734-7285

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
| USDC SDNY              |
| DOCUMENT               |
| ELECTRONICALLY FILED   |
| DOC #:                 |
| DATE FILED: 10/20      |
```

------------------------------------x

STATE OF NEW YORK, et al.          :
                                   :
        Plaintiffs,                :
                                   :         19-cv-8876(JSR)
        -v-                        :
                                   :         OPINION AND ORDER
U.S. IMMIGRATION AND CUSTOMS       :
ENFORCEMENT, et al.                :
                                   :
        Defendants.                :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

In a lawsuit arising under the Administrative Procedure Act
(APA), judicial review is generally limited to review of the
administrative record. See 5 U.S.C. § 706; Citizens to Pres.
Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971). But a
defendant agency cannot have sole, unreviewable authority to
decide which documents properly comprise the administrative
record and which do not. Indeed, excluding courts from this
determination would "impede [them] from conducting the
'thorough, probing, in-depth review' of the agency action with
which [they are] tasked." In re Nielsen, No. 17-3345 (2d Cir.
Dec. 27, 2017), Slip Op. at 2 (quoting Overton Park, 401 U.S. at
415. For this reason, the Court grants plaintiffs' motion to
compel defendants to produce a log of deliberative documents
withheld from the administrative record on the basis of asserted
privilege.

In the underlying civil action, plaintiffs the State of New
York and the Kings County District Attorney bring suit under the
APA to challenge the decision by U.S. Immigration and Customs
Enforcement (ICE) to implement a Directive that·allows ICE
agents to conduct civil immigration arrests in and around state
courthouses.[1] Compl. ¶¶ 1-12 (Sept. 25, 2019), Dkt. 1. The Court,
after denying defendants' motion to dismiss, directed defendants
to produce the administrative record by no later than January 3,
2020. Opinion and Order at 35 (Dec. 19, 2019), Dkt. 51. On
January 3, defendants filed a 170-page record. Dkt. 55. On
January 23, plaintiffs filed the instant motion to compel
defendants to produce a privilege log identifying materials
withheld from the administrative record. Notably, while this
motion was pending, plaintiffs informed the Court that they had
identified potential gaps in the administrative record that are
not attributable to claims of privilege. Defendants conceded
that some documents may have inadvertently been omitted from the
record, and at a court conference on January 31, the Court
ordered defendants to supplement the record by no later than
February 14.

---

[1] Plaintiffs also assert a cause of action under the Tenth
Amendment, Compl. ¶¶ 135-42, to which the discussion in this
Opinion is not relevant.

The Court now also grants plaintiffs' motion to compel
defendants to produce a privilege log. Defendants primarily rely
on out-of-circuit cases supporting the proposition that —
because privileged, deliberative materials are not part of the
administrative record — an agency ordinarily need not produce a
log of documents withheld from the record on the basis of
privilege. E.g., Oceana, Inc. v. Ross, 920 F.3d 855, 865 (D.C.
Cir. 2019) ("[P]redecisional and deliberative documents are not
part of the administrative record to begin with, so they do not
need to be logged as withheld from the administrative record.")
(internal quotation and citations marks omitted); Great Am. Ins.
Co..v. United States, No. 12-cv-9718 (SF), 2013 WL 4506929 (N.D.
Ill. Aug. 23, 2013); see also Tafas v. Dudas, 530 F. Supp. 2d
786, 802 (E.D. Va. 2008) ("Before [plaintiff] can demand that
the [agency] produce a privilege log substantiating any claims
of privilege, he must first show that documents that belong in
the administrative record are missing.").

But these cases are not binding on the Court,[2] and the Court
does not find their argument persuasive. It is uncontested that

---

[2] The Supreme Court's decision in In re United States, 138 S. Ct.
443 (2017), to vacate and remand a district court's discovery
order in an APA case is, of course, binding on the Court, but
its facts are easily distinguished. See Nielsen, Slip Op. at 4-
5. The discovery order in that case was far broader than the one
plaintiffs seek here. Not least, the Supreme Court in United
States appeared concerned that the order would "compel the
Government to disclose . . . document[s] that the Government

3

intra-agency materials that genuinely fall under the deliberative process privilege are not part of the administrative record. Comprehensive Cmty. Dev. Corp. v. Sebelius, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). It does not follow from this premise, however, that courts should not have a role in reviewing whether this privilege was properly invoked and applied to particular documents so withheld. Courts routinely make determinations of privilege in other contexts, and they are expert at doing so. As to the deliberative process privilege specifically, federal courts are often asked in FOIA litigation, for example, to determine whether this privilege applies. See 5 U.S.C. § 552(b)(5); Am. Civil Liberties Union v. Nat'l Sec. Agency, 925 F.3d 576, 592 (2d Cir. 2019). There is no reason why courts cannot make identical determinations in APA lawsuits in order to determine the proper scope of the administrative record.

Moreover, defendants' concern that compelling them to produce a privilege log would undermine the limited nature of

---

believes is privileged without first providing the Government with the opportunity to argue the issue." 138 S. Ct. at 445. Here, in contrast, plaintiffs merely seek production of a privilege log. Moreover, the Court in United States observed that the district court had ordered extensive discovery before ruling on the defendant agency's motion to dismiss on reviewability and jurisdiction grounds, id.; here, in contrast, this Court has already rejected such arguments. Opinion and Order (Dec. 19, 2019).

judicial review in APA actions is misplaced. Allowing courts a role in adjudicating whether particular documents are properly withheld from the record on the basis of privilege is consistent with, not contrary to, the mandate of the courts to review the "whole record," Overton Park, 401 U.S. 419, and evaluate whether the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). Without a privilege log, "the District Court would be unable to evaluate the Government's assertions of privilege," Nielsen, Slip Op. at 3, and therefore unable to determine whether an assertedly-privileged document was properly excluded from the record. And a court that allowed an agency to withhold documents wrongly marked as deliberative would not be performing judicial review in the exacting manner prescribed by the Supreme Court in Overton Park and State Farm. "Indeed, judicial review cannot function if the agency is permitted to decide unilaterally what documents it submits to the reviewing court as the administrative record." United States, 138 S. Ct. 371, 372 (Mem.) (2017) (Breyer, J., dissenting). On the other hand, were a court satisfied that all of the documents listed on a privilege log were in fact deliberative, it would not need to

5

inquire into those documents any further.[3] Nothing about a
privilege log, therefore, violates the general requirement that
judicial review and discovery in an APA action be limited to the
administrative record. See Nat'l Audubon Soc. v. Hoffman, 132
F.3d 7, 14 (2d Cir. 1997) (citing Fla. Power & Light Co. v.
Lorion, 470 U.S. 729, 743-44 (1985)); Sharkey v. Quarantillo,
541 F.3d 75, 92 n.15 (2d Cir. 2008).

The primary Second Circuit authority on this question is
clearly supportive of plaintiffs' position. In Nielsen, the
Second Circuit, in an unpublished summary order, denied a
petition for a writ of mandamus to stay the district court's
order compelling the defendant agency to produce a privilege log
to plaintiffs. Slip Op. at 1. Although the decision rested in
part on the extraordinarily high standard for a writ of
mandamus, Slip Op. at 1-2; see Balintulo v. Daimler AG, 727 F.3d
174, 186 (2d Cir. 2013), its reasoning suggests that the court
would also have upheld the district court's order on the merits.
In particular, the Second Circuit noted that the district
court's order compelling the agency to produce a privilege log

---

[3] Of course, even those documents that are properly protected by
the deliberative process privilege may be, under certain
circumstances, included within the administrative record, as the
privilege is not absolute. See Nielsen, Slip Op. at 3 (quoting
Suffolk Cty. v. Sec'y of the Interior, 562 F.2d 1368, 1384 (2d
Cir. 1977)). But any argument to that effect as to the
deliberative documents at issue here is premature.

was appropriate because, without a privilege log, the agency's assertions of privilege would be effectively unreviewable. Slip Op. at 3.

Indeed, that logic suggests that district courts should grant motions to compel production of a privilege log in APA actions as a matter of course, and at least one other court in this district has effectively so held. State of N.Y. v. Dep't of Commerce, 18-cv-2921 (JMF), Argument Tr. 78:10-14 (S.D.N.Y. July 3, 2018), Dkt. 205 ("The first issue whether defendants need to produce a privilege log is easily resolved. Put simply, defendants' arguments are, in my view, squarely foreclosed by the Second Circuit's December 17, 2017 rejection of similar arguments [in] In re Nielsen.")

But even if such a broad requirement did not apply as a matter of course, two case-specific factors that the court in Nielsen viewed as weighing in favor of compelling defendants to produce a privilege log are also present here. First, in Nielsen, the plaintiffs had identified to the district court specific materials that appeared to be missing from the administrative record. Slip Op. at 2-3. Here, similarly, the defendants acknowledge they may have inadvertently omitted certain documents from the record. While there is no suggestion that they did so in bad faith, the earlier omission further justifies some involvement by plaintiffs and the Court in

7

determining what must be included in the administrative record. Second, the court in Nielsen also noted that the number of documents in question was sufficiently small that it would not pose an undue burden for the Government to produce a privilege log. Slip Op. at 3-4. Here, the administrative record is very brief, only 170 pages in length, which leads the Court to believe that there are correspondingly few deliberative documents that would need to be listed on a privilege log, and that the burden would consequently be small.

A case cited by defendants, Comprehensive Community Development Corp. v. Sebelius, 890 F. Supp. 2d 305 (S.D.N.Y. 2012), does not provide a compelling rationale for a contrary result. In that case, another court in this district denied plaintiffs' motion to compel the defendant agency to expand the administrative record (as opposed to providing a privilege log), reasoning that "an agency's designation of the administrative record is generally afforded a presumption of regularity," id. at 309 (internal quotation marks omitted), and that "a court may review extra-record evidence only where 'there has been a strong showing in support of a claim of bad faith or improper behavior on the part of the agency decision-maker . . . ,'" id. (quoting Hoffman, 132 F.3d at 14). But to the extent that the "presumption of regularity" due to ICE is not already undermined by the conceded omissions from the record, a privilege log is

not necessarily inconsistent with this presumption. Production
of a privilege log does not give the Court any occasion to
expand the administrative record to encompass any document not
properly included; it simply allows the Court to have some
oversight of the agency's assertions of privilege, the same role
it would assume with respect to any other litigant.

For the foregoing reasons, the Court grants plaintiffs'
motion and directs defendants to produce a privilege log
identifying deliberative materials withheld from the
administrative record by no later than February 28, 2020.

SO ORDERED.

Dated:     New York, NY
           February 7, 2020              JED S. RAKOFF, U.S.D.J.

9