FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON; COMMONWEALTH OF VIRGINIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF ILLINOIS; COMMONWEALTH OF MASSACHUSETTS; DANA NESSEL, Attorney General on behalf of the people of Michigan; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF RHODE ISLAND; STATE OF MARYLAND; STATE OF HAWAI'I, | NO:  4:19-CV-5210-RMP<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a federal agency; KEVIN K. MCALEENAN, in his official capacity as Acting Secretary of the United States Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, a federal agency; KENNETH T. CUCCINELLI, II, in his official capacity as Acting Director of United States Citizenship and Immigration Services, | |
| Defendants. | |

BEFORE THE COURT is a motion by the fourteen Plaintiffs[1] (the "States") to compel the Defendants[2] ("DHS") to produce a privilege log and discovery regarding Count IV, violation of equal protection, of the First Amended Complaint. ECF No. 195.  The Court has considered the parties' briefing on the matter, ECF Nos. 195, 198, 200, and 201; the supplemental authority filed by both parties, ECF Nos. 202, 204, 206, 207, 208, and 209; the remaining docket; and the relevant law.

## BACKGROUND

The States are challenging the Department of Homeland Security's ("DHS's") regulatory redefinition of who to exclude from immigration status as "likely . . . to become a public charge."  8 U.S.C. § 1182(a)(4)(A); *see* Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) ("Public Charge Rule").  In the Amended Complaint, the States raise four causes of action: (1) a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(C), for agency action

---

[1] The Plaintiffs in this lawsuit are the State of Washington, Commonwealth of Virginia, State of Colorado, State of Delaware, State of Hawai'i, State of Illinois, State of Maryland, Commonwealth of Massachusetts, Attorney General Dana Nessel on behalf of the People of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, and State of Rhode Island (collectively, the "States").

[2] Defendants in this lawsuit are the United States Department of Homeland Security ("DHS"), Acting Secretary of DHS Kevin K. McAleenan, United States Citizenship and Immigration Services ("USCIS"), and Acting Director of USCIS Kenneth T. Cuccinelli II (collectively, "DHS").

"not in accordance with law"; (2) a violation of the APA, 5 U.S.C. § 706(2)(C), for agency action "in excess of statutory jurisdiction [or] authority" or "*ultra vires*"; (3) a violation of the APA, 5 U.S.C. § 706(2)(C), for agency action that is "arbitrary, capricious, [or] an abuse of discretion"; and (4) a violation of the guarantee of equal protection under the U.S. Constitution's Fifth Amendment Due Process Clause. ECF No. 31 at 161−70.

On November 25, 2019, DHS produced to the States an index and several zip files that they claim comprise the entire administrative record for the Public Charge Rule. ECF No. 193 at 2. Prior to production of the administrative record, the States had asked DHS to "provide notice about whether it is withholding any documents on the basis of privilege, and if so, a general description of the documents or categories of documents and the privilege asserted." ECF No. 195 at 3. However, DHS did not include a privilege log or any identification or description of documents withheld. ECF No. 193 at 2.

## DISCUSSION

Both parties agree that discovery for claims under the APA generally are limited to the administrative record. However, the States' Motion to Compel, ECF No. 195, arises out of two disputes with DHS: whether DHS must produce a privilege log for any documents that it withheld pursuant to a claimed privilege; and whether the States are entitled to broader discovery regarding the fourth count of the First Amended Complaint alleging a violation of equal protection.

First, DHS maintains that they need not produce a privilege log identifying documents that they did not include in the certified administrative record.  ECF No. 198 at 2.  The States contend that a privilege log is the accepted practice in the Ninth Circuit when discovery is withheld and necessary to demonstrate that documents were withheld pursuant to an applicable privilege.  ECF No. 195 at 2.

Second, the parties dispute whether the States' equal protection claim warrants discovery beyond the administrative record.  DHS argues that the States have not shown that an exception to the record rule applies that would allow the States to seek extra-record discovery by pleading a constitutional challenge.  ECF No. 198 at 3.  The States argue that their equal protection claim is not subject to the record limitation, and "discovery beyond the administrative record is particularly important where discrimination is alleged."  ECF No. 195 at 10.

The parties attempted, but were unable, to reach an agreement between themselves regarding either issue.  ECF No. 193 at 2.

**Privilege Log**

A person who alleges a "legal wrong because of agency action" may seek judicial review under the APA.  5 U.S.C. § 702.  The reviewing court "shall review the whole record or those parts of it cited by a party . . . ."  5 U.S.C. § 706.  The Ninth Circuit has defined the "whole record" to which section 706 refers as "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency position."  *Thompson v. U.S.*

*Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *see also Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1237 (E.D. Cal. 2013) (noting that an administrative record does not include "every scrap of paper that could or might have been created") (quoting *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002)).

Courts must presume that an administrative record as submitted by the defendant agency is complete, but a plaintiff may rebut this presumption with "clear evidence to the contrary." *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443, 445 (2017) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (9th Cir. 1993); *Thompson*, 885 F.2d at 555). The Ninth Circuit has recognized that "[i]f the record is not complete, . . . the requirement that the agency decision be supported by 'the record' becomes almost meaningless." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993); *see also Thompson*, 885 F.2d at 555 ("The whole administrative record, however, is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record.") (emphasis in original) (internal quotation omitted). In short, "an agency may not simply declare that it has withheld privileged documents without disclosing their existence, identifying the privilege asserted, or providing plaintiffs and the Court with enough information to test the assertion." *Washington v. United States Dep't of State*, No. C18-1115RSL, 2019 U.S. Dist. LEXIS 45125, at *7, 2019 WL 1254876 (W.D. Wash. Mar. 19, 2019).

1   The law is unsettled as to whether deliberative materials should be included in

2 the administrative record in the first instance.  *See In re United States*, 875 F.3d at

3 1210.  Without binding precedent, district courts have taken divergent approaches.

4 "Some [courts] reason that because judicial review is limited to the agency's stated

5 reasons, deliberative materials are irrelevant."  *Ksanka Kupaqa Xa'lcin v. United*

6 *States Fish & Wildlife Serv.*, No. CV 19-20-M-DWM, 2020 U.S. Dist. LEXIS

7 40645, at *3, (D. Mont. Mar. 9. 2020) (collecting cases, including *ASSE Int'l v.*

8 *Kerry*, Case No. 14-534, 2018 U.S. Dist. LEXIS 11514, 2018 WL 3326687, at *2

9 (C.D. Cal. Jan. 3, 2018); *California v. Dep't of Labor*, Case No. 13-2069, 2014 U.S.

10 Dist. LEXIS 57520, 2014 WL 1665290 at *13 (E.D. Cal. Apr. 24, 2014)).  "Others

11 reason that deliberative materials are properly included in the administrative record

12 under the Ninth Circuit's broad definition of 'the whole record.'"  *Id.* (collecting

13 cases, including *Ctr. for Food Safety v. Vilsack*, No. 15-CV-01590-HSG (KAW),

14 2017 U.S. Dist. LEXIS 67822, 2017 WL 1709318, (N.D. Cal. May 3, 2017); *Sierra*

15 *Club v. Zinke*, No. 17-CV-07187-WHO, 2018 U.S. Dist. LEXIS 107682, 2018 WL

16 3126401 (N.D. Cal. June 26, 2018); *Ctr. for Envtl. Health v. Perdue*, No. 18-cv-

17 01763-RS, 2019 U.S. Dist. LEXIS 145073, 2019 WL 3852493 (N.D. Cal. May 9,

18 2019); *Indigenous Envtl. Network v. U.S. Dep't of State*, No. CV-17-29-GF-BMM,

19 2018 U.S. Dist. LEXIS 63765, 2018 WL 1796217 (D. Mont. Apr. 16, 2018)).

20   The D.C. Circuit, which handles a disproportionate number of APA review

21 cases, has held that courts should not consider either internal agency or intra-agency

deliberations, unless the plaintiff shows bad faith or improper behavior. *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44 (D.C. Cir. 1986); *Kansas State Network, Inc. v. FCC*, 720 F.2d 185, 191 (D.C. Cir. 1983) (documents memorializing the agency's predecisional process, including "intra-agency memoranda" are privileged from discovery."); *The Jurisdiction of the D.C. Circuit*, 23 Cornell J. L. & Pub. Pol'y 131, 132 (2013) ("It is old news that the D.C. Circuit hears proportionately more cases involving administrative law than do the other circuit courts."). However, Ninth Circuit authority has indicated agreement only that the deliberative process privilege protects "those communications entirely within the particular agency." *Ctr. for Biological Diversity v. Zinke*, No. 3:18-cv-00064-SLG, 2018 U.S. Dist. LEXIS 199287, at *8, n. 32, 2018 WL 8805325 (D. Alaska Nov. 15, 2018) (citing *Portland Audubon Soc'y*, 984 F.2d at 1549 (in which the Ninth Circuit agreed that "the internal deliberative processes of the agency and the mental processes of individual agency members" warranted protection)). Therefore, "[w]hen an agency obtains and considers materials from outside of that agency, or shares the agency's documents with others outside the agency, including other governmental agencies, the deliberative process privilege does not apply." *Id.* at *8.

An agency may invoke deliberative process privilege in APA cases. *See Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019). However, the privilege is qualified: "a litigant may obtain deliberative materials if his or her need for the

materials and the need for accurate fact-finding override the government's interest in non-disclosure." *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Courts weigh "four factors in determining whether this exception to the deliberative process privilege is met: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Karnoski*, 926 F.3d at 1206.

In light of the qualified nature of the deliberative process privilege and the broad definition of the administrative record in the Ninth Circuit, the Court is persuaded that deliberative communications should be properly included in an administrative record as "all documents and materials directly or indirectly considered by agency decision-makers[,]" unless they are privileged. *Thompson*, 885 F.2d at 555.

As to the particular question of the appropriateness of a privilege log, the Ninth Circuit has recognized that it is an open question whether an agency must log which documents it is withholding based on an asserted deliberative process privilege. *In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443, 445 (2017) (holding that the district court had not committed clear error by requiring a privilege log and evaluating claims of privilege on an individual basis). The Ninth Circuit further noted that "many district courts

within this circuit have required a privilege log and *in camera* analysis of assertedly deliberative materials in APA cases." *Id.* (collecting district court cases).

The States contend that the administrative record produced in this matter "suggests that at least some significant documents have been withheld." ECF No. 195 at 7. The States point to several indications that the agency relied on materials that it did not produce as part of the record. ECF No. 195 at 7−8. For instance, a statement by DHS in the Notice of Proposed Rulemaking indicated that the agency consulted with other federal agencies "such as HHS and HUD." *Inadmissibility on Public Charge* Grounds, 83 Fed. Reg. 51,114, 51,165 (Oct. 10, 2018). However, the States contend that no discovery was produced relating to the communications between DHS and HHS or HUD.

In the Public Charge Rule, DHS indicated in its response to one comment that it consulted "with DOD." 84 Fed. Reg. at 41,372. However, in responding to a commenter's inquiry regarding whether the agency "formally consulted Federal benefit-granting agencies such as HHS, USDA, and HUD in developing its proposed definition of 'public charge'. . . [,]" DHS responded simply, "Interagency discussions are a part of the internal deliberative process associated with the rulemaking." *See id.* at 41,460. Again, the States contend that these discussions were omitted from the administrative record that DHS produced.

Furthermore, the States allege in their First Amended Complaint that DHS communicated with White House officials regarding the issuance of the Public

Charge Rule.  ECF No. 31 at 56, 64−65.  However, the States maintain communications with the White House were not produced as part of the administrative record.

By contrast, DHS argues that "[a]mple case law demonstrates that privileged materials—including those subject to the deliberative process privilege, as well as the attorney-client privilege—'are not part of the administrative record in the first instance,' and thus, Plaintiffs are not entitled to a log of such materials."  ECF No. 198 at 10−11 (quoting *ASSE Int'l*, 2018 WL 3326687, at *2; also citing *California*, 2014 U.S. Dist. LEXIS 57520; *Nat'l Ass'n of Chain Drug Stores v. HHS*, 631 F. Supp. 2d 23, 28 (D.D.C. 2009)).  In effect, DHS is deciding unilaterally that the withheld material is privileged under the deliberative process, and because DHS has concluded that the withheld material is privileged, there is no need to reveal the nature of the withheld material.  The States challenge DHS's authority to unilaterally characterize certain materials as privileged and withhold them on that basis, without providing a privilege log from which court scrutiny can be exercised.

DHS focuses on the absence of Ninth Circuit authority requiring, as a matter of law, production of a privilege log for deliberative materials.  *See* ECF No. 198 at 16.  However, there is a well-established role for courts in determining whether there are gaps in an administrative record when a plaintiff attempts to rebut the presumption of completeness.  *See In re United States*, 875 F.3d at 1206; *Portland Audubon Soc'y*, 984 F.2d at 1548.  "[T]he focal point for judicial review should be

the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

As noted in the supplemental authority provided by the States, "[a]llowing courts a role in adjudicating whether particular documents are properly withheld from the record on the basis of privilege is consistent with, not contrary to, the mandate of the courts to review the 'whole record,' and evaluate whether the agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action.'" *State v. United States Immigration & Customs Enf't*, No. 19-cv-8876(JSR), 2020 U.S. Dist. LEXIS 22827, at *5 (S.D.N.Y. Feb. 9, 2020) (quoting, respectively, *Overton Park*, 401 U.S. 402 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The Court finds that the States have rebutted the presumption of completeness by offering "clear evidence" from the Notice of Proposed Rulemaking and the Rule itself that DHS sought and received input from other federal agencies, yet did not include those communications in the administrative record.  *See* ECF No. 195 at 7−8.  The Court further notes that DHS does not dispute whether material was omitted from the administrative record provided to the States in this case.  *See Ksanka Kupaqa Xa'lcin*, 2020 U.S. Dist. LEXIS 40645, at *4 ("Defendants' admission that deliberative materials were omitted is sufficient to overcome the presumption that the administrative records is complete.") (citing *Inst. for Fisheries*

*Res. v. Burwell*, No. 16-CV-1574-VC, 2017 U.S. Dist. LEXIS 5642, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017)).

The Court rejects DHS's assumption that it has the sole authority to determine what discovery is privileged without accounting to either the States or this Court as to the nature of the withheld discovery. Without a privilege log, the Court is unable to evaluate whether documents already in existence at the time of the rulemaking process should be considered as part of the administrative record or whether they should be excluded as privileged. Therefore, the States' Motion to Compel, ECF No. 195, is granted with respect to production of a privilege log to facilitate further inquiry into the nature and appropriateness of the alleged privilege.

### **Discovery on the States' Equal Protection Claim**

The parties disagree whether Federal Rule of Civil Procedure 26 or the APA provides the relevant legal framework for evaluating whether the States are entitled to extra-record discovery on their equal protection claim. *See* ECF Nos. 198 at 3−4; 200 at 7.

In civil litigation, parties generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit." Fed. R. Civ. P. 26(b). By contrast, a district court's review under the APA generally is limited to the administrative record. *Camp*, 411 U.S. at 142; *see also* 5 U.S.C. § 706 (providing that the reviewing court "shall review the whole record or those parts of its cited by a party"). Agency action should be overturned only when the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

However, exceptions to this record rule allow discovery and consideration of material beyond the administrative record under the following "limited circumstances": "(1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Forester of Region One of the United States Forest Serv.*, 395 F.3d 1019, 1036 (9th Cir. 2004) (quoting *Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (internal quotation omitted)). Exceptions to the record must be "narrowly construed and applied" with the objective of "plug[ging]

holes in the administrative record." *Lands Council*, 395 F.3d at 1030.  When a plaintiff alleges bad faith or improper behavior, that plaintiff must make a "strong showing" to justify extra-record discovery.  *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573−74 (2019).

Caselaw is indeterminate concerning whether extra-record discovery is appropriate for constitutional claims asserted in conjunction with APA claims.  *See Cal. v. Ross*, 358 F. Supp. 3d 965, 1047 (N.D. Cal. Jan. 23, 2019) (describing as a "morass" the caselaw regarding whether constitutional challenges to agency action remove a matter from the APA's procedural strictures); *Afianian v. Duke*, No. 17-CV-7643, 2018 U.S. Dist. LEXIS 230230, 2018 WL 9619346, at *5 (C.D. Cal. Nov. 30, 2018) (collecting cases demonstrating that there is "no consensus among district courts on whether discovery should be permitted for constitutional claims that are brought alongside an APA claim."); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41−42 (D.D.C. 2018) (recognizing that "caselaw on a plaintiff's ability to supplement an administrative record to support a constitutional action is sparse and in some tension."); *Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (noting that "there appears to be some disagreement among district courts whether the assertion of constitutional claims takes a case outside the procedural strictures of the APA, including the record review rule.").

Despite differing conclusions, courts routinely have evaluated requests for extra-record discovery on constitutional claims based on whether the APA and constitutional claims are sufficiently distinct from each other to allow discovery regarding the constitutional claim to proceed beyond the confines of the APA framework. *See Mayor of Balt. v. Trump*, No. ELH-18-3636, 2019 U.S. Dist. LEXIS 219262, at *19−26, 2019 WL 6970631 (D. Md. Dec. 19, 2019) (allowing extra-record discovery on equal protection claims where they asserted "distinct defects" from the APA claims); *Chang*, 254 F. Supp. 3d at 161−62 (finding that the record review rule applied where plaintiffs' constitutional claims were "fundamentally similar to their APA claims."); *Almaklani v. Trump*, No. 18-CV-398 (NGG) (CLP), 2020 U.S. Dist. LEXIS 49189, at *19 (E.D.N.Y. Mar. 13, 2020) (supplemental authority provided by DHS and noting that courts have denied discovery based on a finding that the constitutional claims overlap with the APA claims).

Recent Ninth Circuit caselaw supports that a plaintiff may pursue a freestanding, constitutional claim outside of the review procedures prescribed by the APA. *Sierra Club v. Trump*, 929 F.3d 670, 698−99 (9th Cir. 2019) (finding that prior Ninth Circuit authority "clearly contemplate[s] that claims challenging agency actions—particularly constitutional claims—may exist wholly apart from the APA."). The Ninth Circuit held in *Sierra Club* that a challenge to the Executive Branch's attempt to reprogram funds to construct a border barrier was

1   "fundamentally a constitutional one," and that the plaintiffs could challenge the

2   government's actions either "through an equitable action to enjoin unconstitutional

3   official conduct" or through the APA.  *Id.* at 694, 696.  Although the Supreme Court

4   later stayed the injunction entered by the District Court in the *Sierra Club* case, the

5   Court did not expand on its reasoning for staying the injunction or reach the merits

6   of whether plaintiffs could raise a constitutional claim.  *See Trump v. Sierra Club*,

7   140 S. Ct. 1 (2019).  Accordingly, the Ninth Circuit's opinion regarding a separate,

8   equitable constitutional claim binds this Court.  *See Miller v. Gammie*, 335 F.3d 889,

9   899−900 (9th Cir. 2003) (en banc) (intervening higher authority must be "clearly

10   irreconcilable" with a prior circuit opinion for a court to disregard the circuit

11   opinion's reasoning or theory); *California v. Trump*, 407 F. Supp. 3d 869, 885 (N.D.

12   Cal. 2019) (finding that the Ninth Circuit panel's opinion in *Sierra Club* was binding

13   following the Supreme Court's stay).

14       To summarize, DHS contends that the States' constitutional claim necessarily

15   is "governed by the APA."  *See* ECF No. 198 at 4.  However, *Sierra Club*

16   undermines that there is legal support for DHS's argument because constitutional

17   claims challenging agency action "may exist wholly apart from the APA."  929 F.3d

18   at 699.

19       With respect to their equal protection claim, the States allege in their First

20   Amended Complaint that the Public Charge Rule was "motivated by Administration

21   officials' intent to discriminate on the basis of race, ethnicity, or national origin."

ECF No. 31 at 177.  The equal protection doctrine "charges courts to 'smoke out' unconstitutional governmental purposes that may be more hidden." *New York v. United States DOC*, 351 F.Supp.3d 502, 667 (S.D.N.Y. 2019) (citing *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 493 (1989)), *rev'd on other grounds*, 139 S. Ct. 2551 (2019).  A plaintiff may demonstrate discriminatory intent through "'circumstantial or direct evidence of intent as may be available.'" *Democratic Nat'l Comm. V. Reagan*, 904 F.3d 686, 717−18 (9th Cir. 2018) (quoting *Vill. Of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)).  The Supreme Court has recognized the necessity of a "sensitive inquiry" into the following, non-exhaustive factors "in assessing whether a defendant acted with discriminatory purpose: (1) the impact of the official action and whether it bears more heavily on one race than another; (2) the historical background of the decision; (3) the specific sequence of events leading to the challenged action; (4) the defendant's departure from normal procedures or substantive conclusions; and (5) the relevant legislative or administrative history." *Arce v. Douglas*, 793 F.3d 968, 977 (9th Cir. 2015) (reciting the Supreme Court's framework from *Arlington Heights*, 429 U.S. at 265−66).

Given the inquiry required to determine whether the relevant decisionmakers manifested a discriminatory purpose, the Court finds that reasonable discovery beyond the administrative record is appropriate under the broad standard provided by Fed. R. Civ. P. 26.  *See New York*, 351 F. Supp. 3d at 668 ("It follows that the

Court should be able to consider evidence outside the Administrative Record designated by the agency and submitted to the Court when evaluating Plaintiffs' equal protection claim."). Such discovery is proportional to the needs of the case, and the States do not otherwise have access to the information. *See* Fed. R. Civ. P. 26(b)(1).

DHS does not offer any caselaw to support that discovery is categorically subject to the APA's restrictive review procedures when plaintiffs allege separate equal protection claims involving discriminatory animus. *See* ECF No. 198 at 4; *Chang*, 254 F. Supp. 3d at 162 (denying discovery for an equal protection claim in which no suspect class was alleged); *see also New York*, 351 F. Supp. 3d at 668−69 (collecting cases denying extra-record discovery where the claims did not allege a suspect class or prohibited animus). Moreover, cases that DHS cites to support that the record review rule applies to "constitutional challenges to agency action, even where plaintiffs assert that such claims are 'independent' of the APA" recognize that discovery to supplement the record in light of a constitutional claim is sometimes appropriate. *See* ECF No. 198 at 5; *New York*, 351 F. Supp. 3d at 668 (noting that *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Service*, 58 F. Supp. 3d 1191, 1238−41 (D.N.M. 2014), and *Evans v. Salazar*, No. C08-0372 (JCC), 2010 WL 11565108, at *1 (W.D. Wash. Jul. 7, 2010), both acknowledge that extra-record discovery may be appropriate for allegations of "illicit animus"); *see also Almaklani*, 2020 U.S. Dist. LEXIS 49189, at *22 ("This Court agrees that there may be

circumstances in which discovery to supplement the record may be necessary . . . .

However, to allow broad ranging discovery under Rule 26, beyond the

administrative record in every case where a plaintiff alleges a constitutional claim,

would be inappropriate and render meaningless the APA's restriction of judicial

review to the administrative record.").

The parties dispute in their briefing whether a rational basis or strict scrutiny

standard of review will govern in later stages of this litigation. *See* ECF Nos. 198 at

10; 200 at 9.  However, the Court agrees that the level of deference impacts only

"how the Court will eventually consider the evidence," not whether the States are

entitled to the discovery they seek.  ECF No. 200 at 10 (citing *Trump v. Hawaii*, 138

S. Ct. 2392, 2420 (2018), to support that a court applying the lesser rational basis

standard may consider extrinsic evidence).

The Court does not resolve the standard of review issue at this time and

concludes instead that the States' allegations regarding their equal protection claim

are dissimilar from, and do not fundamentally overlap with, their allegations

regarding their APA claims.  Regarding their equal protection claim, the States

allege that the Public Charge Rule was "motivated by Administration officials'

intent to discriminate on the basis of race, ethnicity, or national origin."  ECF No. 31

at 177.  The States allege that the intent is evidenced by a disparate impact of the

Public Charge Rule on communities of color.  *Id.*  The States allege that

discriminatory intent also is demonstrated by circumstantial evidence, including "the

historical background of the Rule, the specific sequence of events leading up to the

Rule, departures from normal rulemaking procedures, the rulemaking history, and

remarks by administration officials—including President Trump and Kenneth

Cuccinelli—reflecting animus towards non-European immigrants." *Id.* at 177−78.

In their Motion to Compel, the States recite a variety of statements by a high-

ranking White House official, Stephen Miller, reflecting racist and white

supremacist beliefs. ECF No. 195 at 14−15. The States allege that Mr. Miller

pressed DHS to finalize the Public Charge Rule on a faster timeline. ECF No. 31 at

56−57. The States also point to public-record evidence that Defendant Cuccinelli

made statements between 2007 and 2012 reflecting anti-immigrant animus. ECF

No. 195 at 15. By contrast, the APA claims allege that the Public Charge Rule is not

in accordance with law, was beyond the scope of DHS's authority, and constitutes

arbitrary and capricious agency action. ECF No. 31. The APA claims will not

require the showing of invidious discriminatory purpose required for the States'

equal protection allegations. *See Arlington Heights*, 429 U.S. at 266−67. Therefore,

discovery regarding the States' equal protection claim is warranted under the Federal

Rules of Civil Procedure.

Alternatively, if a reviewing court were to find that the States' APA and equal

protection claims substantially overlap, which this Court does not find, the Court

also finds that the States have made a sufficient showing to support extra-record

discovery under the procedural strictures of the APA. The States' allegations that

the racist and white supremacist beliefs of a high-ranking White House official and the anti-immigrant animus of a DHS official influenced the rulemaking process in a manner not readily verifiable through the administrative record qualify as bad faith or improper behavior that supports discovery to supplement the administrative record. *See Lands Council*, 395 F.3d at 1030.

Therefore, the States' Motion to Compel, ECF No. 195, is granted with respect to the States' request for extra-record discovery regarding their equal protection claim.

Accordingly, **IT IS HEREBY ORDERED**:

1. The States' Motion to Compel, **ECF No. 195**, is **GRANTED**.

2. DHS shall provide a privilege log **within 30 days** for any documents withheld from the administrative record on the basis of privilege.

3. The parties shall jointly submit a proposed timeline for DHS to provide discovery related to the States' equal protection claim and file a responsive pleading, and for dispositive motions, by **May 1, 2020.**

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 17, 2020.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge