FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON; COMMONWEALTH OF VIRGINIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF ILLINOIS; COMMONWEALTH OF MASSACHUSETTS; DANA NESSEL, Attorney General on behalf of the people of Michigan; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF RHODE ISLAND; STATE OF MARYLAND; STATE OF HAWAI'I,<br><br>                    Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a federal agency; KEVIN K. MCALEENAN, in his official capacity as Acting Secretary of the United States Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, a federal agency; KENNETH T. CUCCINELLI, II, in his official capacity as Acting Director of United States Citizenship and Immigration Services,<br><br>                    Defendants. | NO:  4:19-CV-5210-RMP<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: PRIVILEGE LOG |

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: PRIVILEGE LOG ~ 1

1    BEFORE THE COURT is the Defendants[1] ("DHS")  Motion for Stay of
2 Order or, in the Alternative, for Extension of Time to Produce Privilege Log, ECF
3 No. 213.  The Court previously found good cause to expedite hearing of the portion
4 of DHS's motion relating to staying production of a privilege log.  ECF No. 215.
5 Having considered Defendants' motion, Plaintiffs'[2] (the "States") opposition, and
6 Defendants' reply, the remaining docket, and the relevant law, the Court is fully
7 informed.
8    In resolving a Motion to Compel filed by the States, the Court found that the
9 States had rebutted the presumption that the administrative record is complete,
10 because there is clear evidence that certain communications that the agency relied
11 upon in the rulemaking process were omitted from the record.  ECF No. 210 at 11;
12 *see also* ECF No. 195 at 7−8.  Consequently, the Court ruled that production of a
13 privilege log by DHS is appropriate and necessary to facilitate further inquiry into
14 the nature and appropriateness of the alleged privilege, or privileges, that DHS seeks

---

[1] Defendants in this lawsuit are the United States Department of Homeland Security ("DHS"), Acting Secretary of DHS Kevin K. McAleenan, United States Citizenship and Immigration Services ("USCIS"), and Acting Director of USCIS Kenneth T. Cuccinelli II (collectively, "DHS").

[2] The Plaintiffs in this lawsuit are the State of Washington, Commonwealth of Virginia, State of Colorado, State of Delaware, State of Hawai'i, State of Illinois, State of Maryland, Commonwealth of Massachusetts, Attorney General Dana Nessel on behalf of the People of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, and State of Rhode Island (collectively, the "States").

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: PRIVILEGE LOG ~ 2

to invoke to support exclusion of the communications from the administrative record. *Id.* at 12.

DHS seeks to stay the requirement of providing a privilege log until a not-yet-filed motion to dismiss has been decided. ECF No. 213 at 6. Alternatively, DHS seeks to extend the time to provide a privilege log. *Id.* at 8. The States oppose a stay of the privilege log deadline pending resolution of a forthcoming motion to dismiss, but consent to a limited extension of the privilege log deadline. ECF No. 216.

The four factors to consider regarding a stay of a prior order include: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken*, 556 U.S. at 433 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, a stay is "'an exercise of judicial discretion,'" and "'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian R. Co.*, 272 U.S. at 272−73) (alterations omitted).

DHS makes no showing in its Motion to Stay of a likelihood of success on the merits. Rather, DHS relies on the reasoning of the Ninth Circuit Court of Appeals

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: PRIVILEGE LOG ~ 3

motions panel in deciding whether to stay the preliminary injunction in this matter to argue that DHS will succeed with its yet unfiled motion to dismiss. *See* ECF Nos. 213 at 6; 218 at 3 (citing *City & County of San Francisco v. USCIS*, 944 F.3d 773, 805 (9th Cir. 2019)). The merits of the claims raised by the States' Amended Complaint are an open question. The Ninth Circuit's opinion does not purport to determine the merits, nor was the motion panel's decision based on a complete administrative record, which was not yet produced. *See City & County of San Francisco*, 944 F.3d 773; ECF No. 216 at 4. To the extent that DHS is predicting that a forthcoming motion to dismiss will be resolved in their favor, they have not made an adequate showing to support staying the privilege log requirement on that basis.

Next, with respect to whether DHS will be irreparably harmed by the requirement of producing a privilege log, the Court rejects DHS's argument that a privilege log has no relevance at the pleading stage. *See* ECF No. 213 at 6. DHS did not object to producing the administrative record in this matter in November 2019. *See* ECF No. 193 at 2. As early as that production, DHS should have been aware of what was included and excluded from the record and why. By contrast, the States persuasively argue that they will be harmed the longer DHS is excused from compiling a privilege log in the form of "routine deletion, inadvertent loss, and destruction of relevant e-mails, text messages, and other documents." ECF No. 216 at 2.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: PRIVILEGE LOG ~ 4

The public interest factor also disfavors a stay here, as a privilege log facilitates a determination of whether the agency is invoking a privilege to protect a public interest in confidentiality or to the detriment of a competing public interest in disclosure. *See PG&E v. United States*, 70 Fed. Cl. 128, 142 (2006) (requiring defendant agencies to provide specific reasons for protecting documents helps to ensure that "the government official called upon to examine documents 'has inspected the individual documents and determined that the public interest in confidentiality (as distinct from the government's interest in the litigation) outweighs the public interest in disclosure.'") (quoting *Resolution Trust Corp. v. Diamond*, 773 F. Supp. 597, 603 (S.D.N.Y. 1991)).

Therefore, based on all of the relevant factors and in light of the likelihood of serious harm to the States' interest and the public in learning what materials DHS withheld from the administrative record, the Court finds the States' consent to an extended deadline for DHS to produce the privilege log on a rolling basis to be reasonable.

Accordingly, **IT IS HEREBY ORDERED**:

1. DHS's Motion to Stay Motion for Stay of Order or, in the Alternative, for Extension of Time to Produce Privilege Log, **ECF No. 213**, is **DENIED IN PART** with respect to staying production of the privilege log pending a forthcoming motion to dismiss, and **GRANTED IN PART** with respect to extending the deadline for DHS to produce a privilege log as follows:

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY ORDER RE: PRIVILEGE LOG ~ 5

      a. DHS shall produce a privilege log on a rolling basis starting on June 12, 2020.

      b. Beginning on June 12, 2020, DHS shall make reports to the Court and the States every other Friday, on their progress toward completion of the privilege log. This report should include DHS's progress on:

           i. notifying potential custodians of their obligation to preserve potentially relevant documents, even if assertedly privileged;

           ii. segregating all assertedly privileged documents for review; and

           iii. logging privileged documents pursuant to Fed. R. Civ. P. 26(b)(5)(A). The numbers of custodians notified and documents segregated and logged that are reported in DHS's report should be stated in absolute terms and as a percentage of the whole, so the States and the Court can assess DHS's progress toward completion.

2. The Motion for Stay of Order, **ECF No. 213**, shall **remaining pending** for further briefing on the issue of whether to stay discovery on the States' equal protection claim. *See* ECF No. 215.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 13, 2020.

                                       *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                          United States District Judge