1   ROBERT W. FERGUSON
    *Attorney General*

2

3   JEFFREY T. SPRUNG, WSBA #23607
    SPENCER W. COATES, WSBA #49683
    PAUL M. CRISALLI, WSBA #40681

4   NATHAN K. BAYS, WSBA #43025
    BRYAN M.S. OVENS, WSBA #32901

5   *Assistant Attorneys General*
    800 Fifth Ave., Ste. 2000

6   Seattle, WA  98104
    (206) 464-7744

7

8                **UNITED STATES DISTRICT COURT**
             **EASTERN DISTRICT OF WASHINGTON**

9                      **AT SPOKANE**

10  STATE OF WASHINGTON, et al.,          NO. 4:19-cv-05210-RMP

11              Plaintiffs,               PLAINTIFFS' MOTION TO
                                          COMPEL DOCUMENTS
12       v.                               WITHHELD UNDER
                                          DELIBERATIVE PROCESS
13  UNITED STATES DEPARTMENT              PRIVILEGE
    OF HOMELAND SECURITY, a
14  federal agency, et al.                Noted for: November 13, 2020
                                          Without Oral Argument
15              Defendants.

16

17

18

19

20

21

22

## I.    INTRODUCTION

Plaintiff States assert two independent challenges to Defendants' Final Rule: a statutory challenge under the Administrative Procedure Act (APA), and a constitutional challenge under the Constitution's Equal Protection guarantee. Recently, this Court permitted Plaintiffs to pursue discovery related to their Equal Protection claim, and ordered Defendants to provide an adequate privilege log so the Court could evaluate any claimed privilege. ECF No. 210.

Defendants have failed to comply. In response to Plaintiffs' discovery requests, Defendants have broadly asserted the deliberative process privilege. Defendants' invocation of the deliberative process privilege fails for two reasons. First, the deliberative process privilege does not apply where, as here, the government's decision-making process is itself at issue. Second, even if the privilege did apply, that privilege is qualified, and the factors outlined in *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984), all support disclosure. Accordingly, Plaintiffs request the Court order Defendants to produce the material they have withheld pursuant to the deliberative process privilege.[1]

---

[1] This motion addresses the threshold question of the applicability of the deliberative process privilege to Plaintiff States' Equal Protection claim. Plaintiffs have identified additional deficiencies in Defendants' privilege logs and are negotiating with Defendants concerning these, and reserve the right to move to compel regarding the adequacy of Defendants' privilege logs. *See infra* n.2

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

## II.    BACKGROUND

Plaintiffs challenged a Final Rule published by the U.S. Department of Homeland Security (DHS), *Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (Public Charge Rule or Rule), alleging violations of the APA and the Equal Protection Clause. ECF No. 31 at 161–71. As part of the Equal Protection claim, Plaintiffs allege the Rule was motivated by discriminatory intent. Am. Compl. (ECF No. 31) ¶ 430.

This Court stayed implementation of the Rule under 5 U.S.C. § 705 and also preliminarily enjoined its implementation. ECF No. 162. Defendants appealed and the Ninth Circuit issued a stay pending appeal on December 5, 2019. ECF No. 192 at 73. Meanwhile, DHS moved to dismiss Plaintiffs' claims. ECF No. 223. On September 14, 2020, the Court denied DHS's motion with respect to three of four counts, including the equal protection claim, finding that the alleged statements "made by high-level officials in the Administration contemporaneous with" the promulgation of the Rule "can be interpreted as supporting animus towards nonwhite immigrants." ECF No. 248 at 42–43. On September 15, 2020, the Ninth Circuit Court of Appeals heard DHS's appeal of the preliminary injunction; the parties await a ruling. ECF No. 192 at 73.

Parallel to the appeal and the motion to dismiss, the parties met on November 5, 2019 to develop a discovery plan. ECF No. 188. The parties disagreed on the appropriate scope of discovery, and on April 17, 2020, the Court ordered the Department to produce a privilege log in connection with documents withheld from

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1   the administrative record and discovery regarding the States' equal protection claim.

2   ECF No. 210 at 21. Given the "public-record evidence" of anti-immigrant animus

3   by officials like Kenneth Cuccinelli and Stephen Miller and the nature of the

4   "inquiry required to determine whether the relevant decisionmakers manifested a

5   discriminatory purpose," the Court agreed that further discovery into the Equal

6   Protection claim was appropriate. *Id.* at 17, 20.

7        DHS moved to stay its obligation to produce a privilege log pending resolution

8   of a motion to dismiss. ECF No. 213. On May 13, 2020, the Court denied this

9   motion, but in the same Order directed DHS to produce the privilege log related to

10  the administrative record on a rolling basis every two weeks starting on June 12,

11  2020. ECF No. 219 at 6. The most current privilege log of documents withheld from

12  the administrative record contains 208 documents, all but one of which DHS has

13  marked as protected by the deliberative process privilege. *See* Declaration of

14  Jeffrey T. Sprung (Sprung Decl.), ¶ 2, Ex. A.

15       The States served their first requests for production (RFPs) on DHS on

16  July 14, 2020. Sprung Decl., ¶ 3 and Ex. B. The RFPs sought information relevant

17  to the States' claim that the Public Charge Rule was motivated in part by the

18  Defendants' animus and discriminatory intent towards non-European immigrants on

19  the basis of race, ethnicity, or national origin. *Id.* DHS agreed to produce documents

20  subject to various objections. *Id.*, ¶ 5 and Ex. C at 6, ¶ 1.

21       On August 28, DHS transmitted its first production, consisting of 76

22  documents, many of which are agency public relations department "news clips" that

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

summarize media articles, span over 100 pages, and offer no information regarding the effects of the Public Charge Rule; the remaining documents are heavily redacted. *Id.* at ¶ 6, Ex. D. On September 18, 2020, DHS produced a six-page partial privilege log of documents withheld from equal protection discovery. *Id.* at ¶ 7, Ex. E. On September 25, 2020, DHS made a second production of documents, consisting almost entirely of irrelevant "news clips." *See, e.g.*, *id.* at ¶ 8, Ex. F. DHS updated its partial privilege log of documents withheld from equal protection discovery on October 2, 2020. *Id.* at ¶ 9, Ex. G. In total, of DHS's 54 entries on the partial privilege log, 37 of them assert the deliberative process privilege.

On September 27, 2020, Plaintiffs inquired whether Defendants intended to revise their privilege logs and reconsider their invocation of the deliberative process privilege. *Id.* at ¶ 10, Ex. H. Defendants responded that they disagreed with Plaintiffs' position that the deliberative process privilege does not apply. *Id.* at ¶ 11, Ex. I. Plaintiffs now move for an order compelling Defendants to produce the documents and information they have withheld under the privilege.

## III.   ARGUMENT

### A.   The Deliberative Process Privilege Does Not Apply to Discovery on Plaintiff's Constitutional Claim

The deliberative process privilege applies to documents that "reflect[ ] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and polices are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Courts in the Ninth Circuit and elsewhere,

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1 however, have held that the privilege does not apply to a challenge of an agency's

2 decision-making process, including its intent in taking certain actions. The D.C.

3 Circuit, for instance, reasoned that the deliberative process privilege "evaporates"

4 when "a plaintiff's cause of action turns on the government's intent":

> The privilege was fashioned in cases where the governmental decision-making process is collateral to the plaintiff's suit. **If the plaintiff's cause of action is directed at the government's intent, however, it makes no sense to permit the government to use the privilege as a shield**. For instance, it seems rather obvious to us that the privilege has no place in a Title VII action **or in a constitutional claim for discrimination** . . . . [I]f either the Constitution or a statute makes the nature of governmental officials' deliberations the issue, the privilege is a non-sequitur. The central purpose of the privilege is to foster government decision-making by protecting it from the chill of potential disclosure. If Congress creates a cause of action that deliberatively exposes government decisionmaking to the light, the privilege's raison d'être evaporates.

*In re Subpoena Duces Tecum Served on the Office of the Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998) (emphasis added). Though the Ninth Circuit has yet to address *In re Subpoena*, other courts within this Circuit have echoed its reasoning. In *Jones v. Hernandez*, No. 16-CV-1986-W(WVG), 2017 WL 3020930 (S.D. Cal. July 14, 2017), for instance, the court cited *Subpoena* approvingly and explained that a court "may deny the protection of the deliberative process privilege, regardless of the balancing test . . . (1) when there is reason to believe that the documents sought may shed light on government misconduct, and (2) when the agency's decision-making process is itself at issue." *Jones*, 2017 WL 3020930, at *3 (citations omitted). Another court

1   found the reasoning of *Subpoena* "highly persuasive," concluding that "the fact that

2   the decisionmaking process is at issue . . . weighs heavily against Respondent's

3   assertion of privilege." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1021 (E.D. Cal.

4   2010). Others in the Ninth Circuit have echoed the reasoning of *Subpoena* without

5   specifically invoking the case. *See, e.g.*, *Greenpeace v. Nat'l Marine Fisheries Serv.*,

6   198 F.R.D. 540, 543 (W.D. Wash. 2000) ("the [deliberative process] privilege may

7   be inapplicable where the agency's decision-making process is itself at issue").

8         Many other courts across the country similarly hold the deliberative process

9   privilege inapplicable where plaintiffs' claims involve the government's intent or

10  decision-making process. *See, e.g.*, *Burbar v. Inc. Vill. of Garden City*, 303 F.R.D.

11  9, 14 (E.D.N.Y. 2014) (deliberative process privilege "inapplicable" where the

12  "decision making process of the [government] Defendants are unquestionably at the

13  heart of these claims," noting "when the decision-making process itself is the subject

14  of the litigation, the deliberative process privilege cannot be a bar to discovery and

15  the privilege evaporates."); *Children First Found., Inc. v. Martinez*, No. 1:04-CV-

16  0927, 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007) (deliberative process

17  privilege must "disappear" when "the crux of the [plaintiffs'] case" was "the process

18  by which Defendants made their decision . . . [and their] subjective motives");

19  *Qamhiyah v. Iowa State Univ. of Sci. & Tech.*, 245 F.R.D. 393, 397 (S.D. Iowa 2007)

20  (privilege did not apply where plaintiff alleged that the deliberative process itself

21  was "tainted with unlawful discrimination"); *Azon v. Long Island R.R.*, CIV-6031,

22  2001 WL 1658219, at *3 (S.D.N.Y. Dec. 26, 2001) ("[W]hen the subject of the

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1  litigation, as here, is the very nature of the decision-making process, the privilege

2  should not foreclose the production of critical information."); *Burka v. New York*

3  *City Transit Auth.*, 110 F.R.D. 660, 667 (S.D.N.Y. 1986) ("Where the decision-

4  making process itself is the subject of the litigation, the deliberative privilege may

5  not be raised as a bar against disclosure of critical information.").

6       Here, as this Court has already recognized, Defendants' decision-making

7  process is central to Plaintiffs' Equal Protection claim. Where, as here, "there is

8  reason to believe the documents sought may shed light on government misconduct,

9  the privilege is routinely denied, on the grounds that shielding internal government

10  deliberations in this context does not serve the public's interest in honest, effective

11  government." *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) (quotations

12  omitted). The deliberative process privilege is thus inapplicable, and Defendants

13  cannot use it to shield documents from discovery.

14
15  **B.**    **Even if the Deliberative Process Privilege Applied, the *Warner* Factors Favor Disclosure**

16       Even if the deliberative process privilege applied, it is qualified, not absolute.

17  *See Warner*, 742 F.2d at 1161. In deciding whether the qualified privilege should be

18  overcome, courts examine four factors: "1) the relevance of the evidence; 2) the

19  availability of other evidence; 3) the government's role in the litigation; and 4) the

20  extent to which disclosure would hinder frank and independent discussion regarding

21  contemplated policies and decisions." *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th

22  Cir. 2019) (quoting *Warner*, 742 F.2d at 1161). "[T]he deliberative process privilege

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

7

1    is narrowly construed" and Defendants bear the burden of establishing its

2    applicability. *Greenpeace*, 198 F.R.D. at 543 (citations omitted). "Blanket" privilege

3    assertions are "insufficient"; Defendants must provide "'precise and certain' reasons

4    for preserving the confidentiality of designated material." *Id.*

5        Each of the *Warner* factors favor the Plaintiffs. First, records describing

6    Defendants' deliberations would shed light on whether discriminatory animus

7    motivated their enactment of the Public Charge Rule. As such, the records are clearly

8    relevant to Plaintiffs' Equal Protection Claims. *See N. Pacifica, LLC v. City of*

9    *Pacifica*, 274 F. Supp. 2d 1118, 1124 (N.D. Cal. 2003) (evidence of the "motive and

10   intent of City Council members" was "highly relevant to [plaintiff's] equal

11   protection claim" because plaintiff must demonstrate "there was no rational basis for

12   the difference in treatment or the difference in treatment was motivated by animus").

13   Moreover, this discovery is relevant to Plaintiffs' constitutional claims and thus

14   enforcement of federal rights. *See, e.g.*, *Surf & Sand, LLC v. City of Capitola*, No. C

15   09-05542, 2010 WL 4393886, at *3 (N.D. Cal. Oct. 29, 2010) ("First, the above-

16   captioned action involves federal constitutional claims, and the federal interest in the

17   enforcement of federal constitutional rights weighs in favor of disclosure.").

18       Second, Plaintiffs are unable to access evidence of Defendants' intent through

19   other mean, as the "evidence sought is primarily, if not exclusively, under [the

20   government's] control, and the government . . . is a party to and the focus of the

21   litigation." *Karnoski*, 926 F.3d at 1206. While the portions of the administrative

22   record that have been produced provide some details on Defendants' decision-

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    making process, evidence of discriminatory intent "does not typically lay dormant

2    in an administrative record." *Newport Pac. Inc. v. Cty. of San Diego*, 200 F.R.D.

3    628, 639 (S.D. Cal. 2001). Further, Defendants assert the deliberative process

4    privilege repeatedly in withholding documents from the administrative record. And

5    though there are indications of discriminatory animus based on public comments by

6    Stephen Miller and others, only internal communications can truly provide direct

7    evidence of how such animus motivated the policy change. *See Vill. of Arlington*

8    *Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977) (determining whether

9    invidious discriminatory purpose was a motivating factor "demands a sensitive

10   inquiry into such circumstantial and direct evidence of intent as may be available.").

11        Third, the government's role in the litigation also weighs in favor of

12   disclosure, as Plaintiffs allege that the government engaged in invidious

13   discrimination in promulgating the Rule because it was motivated by racial animus

14   against nonwhite immigrants. This Court rejected Defendants' attempt to dismiss

15   Plaintiffs' Equal Protection claim, noting that public statements by Defendants

16   raised an "inference that an 'invidious discriminatory purpose was a motivating

17   factor'" in finalizing the Public Charge Rule. ECF No. 248 at 30–43. That

18   Defendants are the governmental actors, whose intent at issue goes to the heart of

19   the Equal Protection claim, supports disclosure. *See All. for the Wild Rockies v.*

20   *Pena*, No. 2:16-CV-294-RMP, 2017 WL 8778579, at *7 (E.D. Wash. Dec. 12, 2017)

21   ("Because the Forest Service and its employees are defendants in this

22   litigation . . . the third *Warner* factor regarding governmental involvement favors

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1    disclosure"); *see also N. Pacifica*, 274 F. Supp. 2d at 1124 (government's defendant

2    role favored disclosure because its "decision-making process [was] by no means

3    collateral to" plaintiff's equal protection claim); *Newport*, 200 F.R.D. at 640 (noting

4    that the "role of the government in the litigation itself"—being sued for, inter alia,

5    violation of equal protection—"tip[s] the scales in favor of disclosure").

6        Fourth, any risk that disclosure would hinder frank and independent

7    discussion regarding contemplated policies and decisions could be mitigated by the

8    existence of a protective order, which Plaintiffs have proposed. *See Rodriguez v.*

9    *City of Fontana*, No. EDCV 16-1903-JGB (KKX), 2017 WL 4676261, at *4 (C.D.

10   Cal. Oct. 17, 2017) ("[T]he Court finds disclosure of the information sought subject

11   to an appropriate protective order will not harm the generally asserted governmental

12   interest in confidentiality of performance evaluations.").

13       Taken together, all of the *Warner* factors favor the Plaintiffs' and public's

14   interest in disclosure, and far outweigh any interest in nondisclosure. Defendants

15   failed to properly invoke or apply the Deliberative Process Privilege to the withheld

16   documents. These documents are critical to discovery on Plaintiffs' Equal Protection

17   claim, and they must be produced without redactions.

18                          **IV.    CONCLUSION**

19       For the foregoing reasons Plaintiffs' Motion to Compel should be granted.

20   Plaintiffs respectfully request that the Court order Defendants to produce the

21   material withheld pursuant to the deliberative process privilege without redactions.

22

PLAINTIFFS' MOTION TO COMPEL                    10          ATTORNEY GENERAL OF WASHINGTON
DOCUMENTS WITHHELD UNDER                                         Complex Litigation Division
DELIBERATIVE PROCESS PRIVILEGE                                  800 Fifth Avenue, Suite 2000
NO. 4:19-cv-05210-RMP                                              Seattle, WA  98104
                                                                    (206) 464-7744

1    RESPECTFULLY SUBMITTED this 14th day of October 2020.

2                               ROBERT W. FERGUSON
                               Attorney General of Washington
3
                               *s/ Spencer W. Coates*
4                               JEFFREY T. SPRUNG, WSBA #23607
                               SPENCER W. COATES, WSBA #49683
5                               PAUL M. CRISALLI, WSBA #40681
                               NATHAN K. BAYS, WSBA #43025
6                               BRYAN M.S. OVENS, WSBA #32901
                               Assistant Attorneys General
7                               800 Fifth Ave., Ste. 2000
                               Seattle, WA  98104
8                               (206) 464-7744
                               Jeff.Sprung@atg.wa.gov
9                               Spencer.Coates@atg.wa.gov
                               Paul.Crisalli@atg.wa.gov
10                              Nathan.Bays@atg.wa.gov
                               Bryan.Ovens@atg.wa.gov
11                              *Attorneys for Plaintiff State of Washington*

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFFS' MOTION TO COMPEL            11          ATTORNEY GENERAL OF WASHINGTON
DOCUMENTS WITHHELD UNDER                                 Complex Litigation Division
                                                        800 Fifth Avenue, Suite 2000
DELIBERATIVE PROCESS PRIVILEGE                              Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                         (206) 464-7744

1   MARK R. HERRING
    Attorney General of Virginia

2
    *s/ Michelle S. Kallen*
3   MICHELLE S. KALLEN, VSB #93286
    Deputy Solicitor General
4   JESSICA MERRY SAMUELS, VSB #89537
    Assistant Solicitor General
5   RYAN SPREAGUE HARDY, VSB #78558
    ALICE ANNE LLOYD, VSB #79105
6   MAMOONA H. SIDDIQUI, VSB #46455
    Assistant Attorneys General
7   Office of the Attorney General
    202 North Ninth Street
8   Richmond, VA  23219
    (804) 786-7240
9   MKallen@oag.state.va.us
    RHardy@oag.state.va.us
10  ALloyd@oag.state.va.us
    MSiddiqui@oag.state.va.us
11  SolicitorGeneral@oag.state.va.us
    *Attorneys for Plaintiff Commonwealth of*
12  *Virginia*

13  PHIL WEISER
    Attorney General of Colorado

14
    *s/ Eric R. Olson*
15  ERIC R. OLSON, #36414
    Solicitor General
16  Office of the Attorney General
    Colorado Department of Law
17  1300 Broadway, 10th Floor
    Denver, CO  80203
18  (720) 508 6548
    Eric.Olson@coag.gov
19  *Attorneys for Plaintiff the State of Colorado*

20

21

22

PLAINTIFFS' MOTION TO COMPEL                12        ATTORNEY GENERAL OF WASHINGTON
DOCUMENTS WITHHELD UNDER                                   Complex Litigation Division
DELIBERATIVE PROCESS PRIVILEGE                           800 Fifth Avenue, Suite 2000
NO. 4:19-cv-05210-RMP                                        Seattle, WA  98104
                                                             (206) 464-7744

1   KATHLEEN JENNINGS
    Attorney General of Delaware
2   AARON R. GOLDSTEIN
    State Solicitor
3   ILONA KIRSHON
    Deputy State Solicitor
4
    *s/ Monica A. Horton*
5   MONICA A. HORTON, #5190
    Deputy Attorney General
6   820 North French Street
    Wilmington, DE  19801
7   Monica.horton@delaware.gov
    *Attorneys for Plaintiff the State of Delaware*
8
    KWAME RAOUL
9   Attorney General of Illinois

10  *s/ Liza Roberson-Young*
    LIZA ROBERSON-YOUNG, #6293643
11  Public Interest Counsel
    Office of the Illinois Attorney General
12  100 West Randolph Street, 11th Floor
    Chicago, IL  60601
13  (312) 814-5028
    ERobersonYoung@atg.state.il.us
14  *Attorney for Plaintiff State of Illinois*

15  CLARE E. CONNORS
    Attorney General of Hawai‘i
16
    *s/ Lili A. Young*
17  LILI A. YOUNG, #5886
    Deputy Attorney General
18  Department of the Attorney General
    425 Queen Street
19  Honolulu, HI  96813
    (808) 587-3050
20  Lili.A.Young@hawaii.gov
    *Attorneys for Plaintiff State of Hawai‘i*

21

22

PLAINTIFFS' MOTION TO COMPEL                    13
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

| | |
|---|---|
| 1 | BRIAN E. FROSH |
| | Attorney General of Maryland |
| 2 | |
| | *s/ Jeffrey P. Dunlap* |
| 3 | JEFFREY P. DUNLAP, #1812100004 |
| | Assistant Attorney General |
| 4 | 200 St. Paul Place |
| | Baltimore, MD  21202 |
| 5 | T: (410) 576-7906 |
| | F: (410) 576-6955 |
| 6 | JDunlap@oag.state.md.us |
| | *Attorneys for Plaintiff State of Maryland* |
| 7 | |
| | MAURA HEALEY |
| 8 | Attorney General of Commonwealth of |
| | Massachusetts |
| 9 | |
| | *s/ Abigail B. Taylor* |
| 10 | ABIGAIL B. TAYLOR, #670648 |
| | Chief, Civil Rights Division |
| 11 | DAVID URENA, #703076 |
| | Special Assistant Attorney General |
| 12 | ANGELA BROOKS, #663255 |
| | Assistant Attorney General |
| 13 | Office of the Massachusetts Attorney General |
| | One Ashburton Place |
| 14 | Boston, MA  02108 |
| | (617) 963-2232 |
| 15 | abigail.taylor@mass.gov |
| | david.urena@mass.gov |
| 16 | angela.brooks@mass.gov |
| | *Attorneys for Plaintiff Commonwealth of* |
| 17 | *Massachusetts* |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

DANA NESSEL
Attorney General of Michigan

*s/ Toni L. Harris*
FADWA A. HAMMOUD, #P74185
Solicitor General
TONI L. HARRIS, #P63111
*First Assistant Attorney General*
Michigan Department of Attorney General
P. O. Box 30758
Lansing, MI 48909
(517) 335-7603 (main)
HarrisT19@michigan.gov
Hammoudf1@michigan.gov
*Attorneys for the People of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*s/ R.J. Detrick*
R.J. DETRICK, #0395336
*Assistant Attorney General*
Minnesota Attorney General's Office
Bremer Tower, Suite 100
445 Minnesota Street
St. Paul, MN 55101-2128
(651) 757-1489
(651) 297-7206
Rj.detrick@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

*s/ Heidi Parry Stern*
HEIDI PARRY STERN, #8873
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

15

| | |
|---|---|
| 1 | GURBIR S. GREWAL<br>Attorney General of New Jersey |
| 2 | |
| | *s/ Glenn J. Moramarco* |
| 3 | GLENN J. MORAMARCO, #030471987<br>Assistant Attorney General |
| 4 | Office of the Attorney General<br>Richard J. Hughes Justice Complex |
| 5 | 25 Market Street, 1st Floor, West Wing<br>Trenton, NJ  08625-0080 |
| 6 | (609) 376-3232<br>Glenn.Moramarco@law.njoag.gov |
| 7 | *Attorneys for Plaintiff State of New Jersey* |
| 8 | HECTOR BALDERAS<br>Attorney General of New Mexico |
| 9 | |
| | *s/ Tania Maestas* |
| 10 | TANIA MAESTAS, #20345<br>Chief Deputy Attorney General |
| 11 | P. O. Drawer 1508<br>Santa Fe, NM  87504-1508 |
| 12 | tmaestas@nmag.gov<br>*Attorneys for Plaintiff State of New Mexico* |
| 13 | |
| 14 | PETER F. NERONHA<br>Attorney General of Rhode Island |
| 15 | *s/ Lauren E. Hill* |
| | LAUREN E. HILL, #9830 |
| 16 | Special Assistant Attorney General<br>Office of the Attorney General |
| 17 | 150 South Main Street<br>Providence, RI  02903 |
| 18 | (401) 274-4400 x2038<br>E-mail:  lhill@riag.ri.gov |
| 19 | *Attorneys for Plaintiff State of Rhode Island* |
| 20 | |
| 21 | |
| 22 | |

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1

### DECLARATION OF SERVICE

2

I hereby declare that on this day I caused the foregoing document to be

3

electronically filed with the Clerk of the Court using the Court's CM/ECF System

4

which will serve a copy of this document upon all counsel of record.

5

DATED this 14th day of October 2020, at Seattle, Washington.

6

7

*s/ Spencer W. Coates*
SPENCER W. COATES, WSBA #49683

8

Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS WITHHELD UNDER
DELIBERATIVE PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744