1    ROBERT W. FERGUSON
     *Attorney General*

2
     JEFFREY T. SPRUNG, WSBA #23607
3    SPENCER W. COATES, WSBA #49683
     PAUL M. CRISALLI, WSBA #40681
4    NATHAN K. BAYS, WSBA #43025
     BRYAN M.S. OVENS, WSBA #32901
5    *Assistant Attorneys General*
     800 Fifth Ave., Ste. 2000
6    Seattle, WA  98104
     (206) 464-7744

7

8              **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF WASHINGTON**
9                       **AT SPOKANE**

10   STATE OF WASHINGTON, et al.,        NO. 4:19-cv-05210-RMP

11              Plaintiffs,              PLAINTIFFS' REPLY IN
                                         SUPPORT OF MOTION TO
12        v.                             COMPEL DOCUMENTS
                                         WITHHELD UNDER
13   UNITED STATES DEPARTMENT            DELIBERATIVE PROCESS
     OF HOMELAND SECURITY, a             PRIVILEGE
14   federal agency, et al.
                                         Noted for:
15              Defendants.              Without Oral Argument

16

17

18

19

20

21

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

## I.   INTRODUCTION

Despite a Court Order (ECF No. 210) expressly permitting Plaintiffs to pursue discovery related to their Equal Protection claim, Defendants are broadly withholding evidence of deliberations by relevant decisionmakers under vague and unsupported deliberative process privilege claims. This effort should fail. First, the very invocation of the privilege makes little sense in this case where, like others, Plaintiffs have plausibly alleged discriminatory animus in the government's decisionmaking, as numerous courts in the Ninth Circuit and others have ruled. Defendants misstate supposedly key authorities, ignore the vast majority of others, and fail to show why the deliberative process privilege should apply when claims are directed at the government's subjective motivation. Second, all *Warner* factors support disclosure. Defendants' insistence that Plaintiffs specifically articulate the relevance of individual documents they have not seen, requiring the Court to engage in a time-consuming and distorted review process, is nonsensical in a discrimination case where factfinders routinely draw inferences of discriminatory intent from the "totality" of evidence. The burden is on Defendants, not Plaintiffs, to establish sufficient justification to withhold evidence of government decisionmaking, and Defendants have failed.

The Court should grant Plaintiffs' Motion, order Defendants to produce materials withheld thus far under the deliberative process privilege, and prevent Defendants from continuing to wrongfully withhold evidence of Defendants' intent in their decisionmaking process and deliberations.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

1

1

## II.   ARGUMENT

2
**A.   The Deliberative Process Privilege Does Not Shield Evidence of Discriminatory Intent**

3

4
Plaintiffs' argument, echoed in numerous jurisdictions throughout the

5
country including the Ninth Circuit, is that the deliberative process privilege "has

6
no place . . . in a constitutional claim for discrimination." *In re Subpoena Duces*

7
*Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C.

8
Cir. 1998), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998). Unlike APA claims,

9
constitutional claims require a categorically different analysis on whether

10
documents can be withheld. "When a party challenges agency action as arbitrary

11
and capricious the reasonableness of the agency's action is judged in accordance

12
with its stated reasons." *Subpoena*, 156 F.3d at 1279 (citing *Citizens to Preserve*

13
*Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)). "Agency deliberations not

14
part of the record are deemed immaterial . . . because the actual subjective

15
motivation of agency decisionmakers is immaterial as a matter of law." *Id*. at

16
1279-80 (emphasis added). Accordingly, "the ordinary APA cause of action does

17
not directly call into question the agency's subjective intent." *Id*. at 1280. By

18
contrast, "the deliberative process privilege is unavailable" where "the cause of

19
action is directed at the agency's subjective motivation." *Id*.

20
As explained in Plaintiffs' Motion, numerous courts in the Ninth Circuit

21
and elsewhere have thus held that the deliberative process privilege "evaporates"

22
when "a plaintiff's cause of action turns on the government's intent," and has "no

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

2

1   place" in a "constitutional claim for discrimination." *See* ECF No. 255 at 5-7.

2   This is for good reason: "if . . . the Constitution . . . makes the nature of

3   governmental officials' deliberations the issue, the privilege is a non sequitur."

4   *Subpoena*, 145 F.3d at 1424. It is difficult to imagine how plaintiffs could find

5   any support for claims of discriminatory intent behind a decision without

6   unearthing evidence of the decisionmaker's deliberations. Permitting defendants

7   to permanently shield this evidence by invoking the deliberative process

8   privilege, as defendants seek here, essentially defeats these claims at the outset.

9   *Cf. Grossman v. Schwarz*, 125 F.R.D. 376, 381 (S.D.N.Y.1989) ("In a civil rights

10   action where the deliberative process of State or local officials is itself genuinely

11   in dispute, privileges designed to shield that process from public scrutiny must

12   yield to the overriding public policies expressed in the civil rights laws.").

13       Defendants do not address or contest this litany of authorities cited by

14   Plaintiffs that support this proposition, other than to note that "[e]ach of the

15   district court cases cited by Plaintiffs predates *Karnoski*." Opp. at 5. In doing so,

16   Defendants wrongly suggest that a Ninth Circuit decision, *Karnoski v. Trump*,

17   926 F.3d 1180, 1195 (9th Cir. 2019), somehow rejected the reasoning echoed in

18   *Subpoena* and elsewhere. *Id*. The Ninth Circuit did no such thing. In *Karnoski*,

19   the Ninth Circuit Court of Appeals considered an appeal of a district court's

20   decision to grant a motion to compel in a case involving both APA and

21   constitutional claims, overriding defendants' invocation of the deliberative

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

3

1    process privilege. *Karnoski*, 926 F.3d at 1194-97. The district court explicitly did

2    *not* determine if the *Subpoena* logic applied, instead applying only *Warner*. *See*

3    *Karnoski v. Trump*, 328 F. Supp. 3d 1156, 1161 (W.D. Wash. 2018), *mandamus*

4    *granted, order vacated*, 926 F.3d 1180 (9th Cir. 2019) (noting *Subpoena* but

5    deciding "[f]or purposes of this motion, the Court assumes, without deciding, that

6    applying the balancing test set forth in *Warner*[] is appropriate."). The

7    Ninth Circuit mentioned *Subpoena* once, and only to note that the plaintiffs cited

8    it in their motion to compel before the district court, but did not address or render

9    a decision on plaintiffs' arguments. *Id.* at 1195. The Ninth Circuit instead

10   determined that the district court applied the *Warner* test incorrectly, and vacated

11   the order. *Karnoski,* 926 F.3d at 1195. Moreover, *Karnoski* differs importantly

12   from the present case because *Karnoski* did not distinguish between discovery

13   into plaintiffs' constitutional and APA claims; in this case, the Court already

14   rejected Defendants' conflation of the two claims. *Id.* at 1206; ECF No. 210.

15       The other out of circuit authority cited by Defendants is neither controlling

16   nor compelling, especially given that this Court has specifically authorized

17   discovery for Plaintiffs' equal protection claim. Opp. at 5-6, ECF. No. 210. These

18   cases concern different contexts and explicitly did *not* reach the *Subpoena* issue.

19   *See, e.g., Vietnam Veterans of Am. v. C.I.A.*, No. 09-CV-0037 CW JSC, 2011 WL

20   4635139, at *10 (N.D. Cal. Oct. 5, 2011) ("Plaintiffs allege that the privilege does

21   not apply where a plaintiff's cause of action is directed at the government's

22

PLAINTIFFS' REPLY IN SUPPORT OF            4       ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                            Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                            800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                          Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                      (206) 464-7744

1  intent"; court found "it is unnecessary to decide this issue"); *In re Delphi Corp,*

2  276 F.R.D. 81, 86 (S.D.N.Y. 2011) (in a revenue ruling challenge, motion to

3  compel denied because the plaintiff "[was] not challenging the decision-making

4  process"). They are certainly less compelling than cases involving equal

5  protection and discrimination claims. *See, e.g., United States v. Lake Cty. Bd. of*

6  *Comm'rs*, 233 F.R.D. 523, 525-28 (N.D. Ind. 2005) (privilege did not apply in

7  case brought under the Fair Housing Act alleging that agencies unlawfully

8  discharged employees and denied zoning permission for racial reasons);

9  *Anderson v. Cornejo*, No. 97 C 7556, 2001 WL 826878, at *1-4 (N.D. Ill. July 20,

10  2001) (document reflecting deliberations on racial targeting policy was subject

11  to disclosure because it shed light on the subjective intent of a commissioner).

12       Ultimately, this case is precisely the type of situation where the *Subpoena*

13  approach is best. The Court specifically permitted Plaintiffs to seek discovery

14  related to their equal protection claim, including evidence of discriminatory

15  intent by Defendants as government decisionmakers. ECF No. 210. Defendants

16  have resisted producing *any* evidence of decisionmakers' deliberations, applying

17  the deliberative process privilege to even seemingly innocuous documents such

18  as reactions to news articles, offering little justification. ECF 256-5 at 5-6. No

19  authority permits Defendants to prematurely defeat viable discrimination claims

20  by claiming as privileged seemingly every document that potentially implicates

21

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

5

1   deliberations. In this case, the government's "deliberative process" is at the heart

2   of the States' claim that discriminatory intent motivated the Rule's promulgation.

3   **B.      *Warner* Factors Favor Disclosure**

4          Even if the privilege applied, the Plaintiff States' need for information

5   outweighs any interest in maintaining total secrecy. Defendants' arguments for

6   why *Warner* favors withholding evidence of decisionmaker intent all fail.

7          Relevance: Given that Defendants produced the documents in response to

8   Plaintiffs' document requests, the documents Defendants have already withheld

9   are categorically relevant to Plaintiffs' constitutional claim. At the outset, records

10  describing Defendants' deliberations would shed light on whether discriminatory

11  animus motivated the Rule's enactment. As such, the records are clearly relevant

12  to Plaintiffs' claims that Defendants violated the Equal Protection Clause. *Cf.*

13  *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1124 (N.D. Cal. 2003)

14  ("motive and intent of City Council members" was "highly relevant to

15  [plaintiff's] equal protection claim"). At the very least, these withheld documents

16  concern intent because they provide "historical background of the decision,"

17  illustrate the "specific sequence of events leading up" to the Rule's promulgation,

18  and offer an opportunity to determine if there were any "[d]epartures from the

19  normal procedural sequence" that evince discriminatory intent. *Vill. of Arlington*

20  *Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 267-68 (1977). This Court has

21  already determined there is "public-record evidence" of "anti-immigrant animus"

22

PLAINTIFFS' REPLY IN SUPPORT OF            6         ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                             Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                            800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                          Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                       (206) 464-7744

1   by officials like Kenneth Cuccinelli and Stephen Miller, who are among the very

2   decisionmakers whose documents and communications Plaintiffs seek. ECF No.

3   210 at 17. Each document Defendants have withheld fits these criteria; these

4   deliberations by relevant decisionmakers provide the very best evidence of the

5   intent behind the enactment of the Public Charge Rule.

6       Additionally, Defendants seemingly contend that it is Plaintiffs' burden to

7   specifically articulate the relevance of any particular document claimed withheld

8   under the deliberative process privilege. *Id.* at 7-8. This is inapposite for multiple

9   reasons. First, "the deliberative process privilege is narrowly construed" and

10  Defendants bear the burden of establishing its applicability, not Plaintiffs.

11  *Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash.

12  2000). Second, the "relevance" of any singular document to Plaintiffs' claim

13  cannot be determined in isolation, as evidence of discriminatory animus typically

14  does not reveal itself in a single "smoking gun"; as is common in discrimination

15  cases, an "invidious discriminatory purpose may often be inferred from the

16  totality of the relevant facts" and does not require smoking-gun allegations.

17  *Washington v. Davis*, 426 U.S. 229, 242 (1976). Plaintiffs are entitled to examine

18  the "totality" of the evidence to determine relevance; they are not required to

19  specifically articulate the relevance of each individual withheld document.

20  Rather, Defendants are required to articulate the reasons why the privilege

21  applies, which they have failed to do. *See Washington v. U.S. Dep't of State*, No.

22

PLAINTIFFS' REPLY IN SUPPORT OF          7          ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                              Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                               800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                             Seattle, WA 98104
NO. 4:19-cv-05210-RMP                                          (206) 464-7744

1    C18-1115RSL, 2019 WL 1254876, at *2 (W.D. Wash. Mar. 19, 2019) ("The

2    deliberative process privilege protects only certain types of documents and, as

3    with all privileges, the burden of proving its applicability lies with the party

4    seeking to avoid production. An agency may not simply declare that it has

5    withheld privileged documents without disclosing their existence, identifying the

6    privilege asserted, or providing plaintiffs and the Court with enough information

7    to test the assertion."). Defendants' vague explanations give little means by

8    which to test the legitimate applicability of the privilege. In the two privilege logs

9    Defendants have produced thus far, about 73 of 99 line items contain deliberative

10   process privilege withholdings. In discovery involving what Defendants claim

11   amounts to tens of thousands of documents, *see* Opp. at 1, it makes little sense to

12   require the Plaintiffs and this Court to blindly sift through slip sheets of

13   conclusory privilege claims to determine relevance on a case-by-case basis. *See*

14   *generally* ECF No. 259-5. Defendants likewise have not provided submission

15   from any agency head to clarify why the privilege is appropriate for the dozens

16   of documents withheld. Were this Court to adopt Defendants' view on the

17   privilege, Defendants would be able to make unilateral determinations of which

18   documents are "relevant," defeating the entire purpose of granting discovery on

19   the States' equal protection claims.

20        Availability of Other Evidence: This factor still favors Plaintiffs.

21   Defendants' analysis here mainly faults Plaintiffs for "failing to show a

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

8

1    particularized need for any document or information," and claiming that the

2    documents and administrative record already produced provide "ample"

3    discovery for Plaintiffs' needs. Opp. at 8. As noted above, while Plaintiffs are not

4    required to show a "particularized need" or "relevance" for any specific

5    document, Plaintiffs have argued for the categorical relevance of records of

6    decisionmaker deliberations. Moreover, as Plaintiffs have made clear, Plaintiffs

7    are unable to access evidence of Defendants' intent through other means, as the

8    "evidence sought is primarily, if not exclusively, under [the government's]

9    control, and the government . . . is a party to and the focus of the litigation."

10   *Karnoski*, 926 F.3d at 1206. As Plaintiffs have explained, only internal

11   communications can truly indicate the direct evidence of the extent to which

12   animus motivated the policy change. *See Vill. of Arlington Heights*, 429 U.S. at

13   266 (determining whether invidious discriminatory purpose was a motivating

14   factor "demands a sensitive inquiry into such circumstantial and direct evidence

15   of intent as may be available.").

16       Government's Role in Litigation: Defendants concede that this factor

17   favors Plaintiffs. Opp. at 8, n.3. Despite the footnoted treatment, this factor is of

18   far more importance than Defendant appear to realize. The fact that Defendants

19   are the governmental actors, whose intent at issue goes to the heart of the Equal

20   Protection claim, strongly supports disclosure. *See N. Pacifica*, 274 F. Supp. 2d

21   at 1124 (government's role favored disclosure because "the decision-making

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1    process of the City Council [was] by no means collateral to" plaintiff's equal

2    protection claim).

3        <u>Hindering frank and independent discussion</u>: Defendants speak vaguely

4    and generically about the danger of disclosing "[w]holesale disclosure of

5    deliberative documents covering a range of government deliberations." Opp. at

6    8-10. However, Defendants say nothing about the impacts of disclosing the

7    documents withheld under the deliberative process privilege in *this litigation*.

8    When the government seeks to withhold documents under the deliberative

9    process privilege, a declaration or affidavit from an agency head is submitted to

10   buttress the importance of maintaining the secrecy of the specific documents in

11   question to maintaining frank and open discussion. *See United States v. Rozet*,

12   183 F.R.D. 662, 665 (N.D. Cal. 1998) (privilege "exists only when raised by a

13   formal claim of privilege, lodged by the head of the department which has control

14   over the matter, after actual personal consideration by that officer"). Defendants

15   have provided no such submission, and have argued only vaguely about the

16   dangers of disclosure. The burden was on Defendants to justify withholding

17   responsive and relevant documents, and they have failed to do so.

18               **III.   CONCLUSION**

19       For the foregoing reasons, Plaintiffs' Motion to Compel should be

20   **GRANTED**. The Court should order Defendants to produce the material

21   withheld pursuant to the deliberative process privilege without redactions.

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1      RESPECTFULLY SUBMITTED this 4th day of November 2020.

2

3                                ROBERT W. FERGUSON
                                 Attorney General of Washington

4                                *s/ Spencer W. Coates*
                                 JEFFREY T. SPRUNG, WSBA #23607

5                                SPENCER W. COATES, WSBA #49683
                                 PAUL M. CRISALLI, WSBA #40681

6                                NATHAN K. BAYS, WSBA #43025
                                 BRYAN M.S. OVENS, WSBA #32901

7                                SPENCER W. COATES, WSBA #49683
                                 Assistant Attorneys General

8                                800 Fifth Ave., Ste. 2000
                                 Seattle, WA  98104

9                                (206) 464-7744
                                 Jeff.Sprung@atg.wa.gov

10                               Joshua.Weissman@atg.wa.gov
                                 Paul.Crisalli@atg.wa.gov

11                               Nathan.Bays@atg.wa.gov
                                 Bryan.Ovens@atg.wa.gov

12                               Spencer.Coates@atg.wa.gov
                                 *Attorneys for Plaintiff State of Washington*

13

14

15

16

17

18

19

20

21

22

PLAINTIFFS' REPLY IN SUPPORT OF           11
MOTION TO COMPEL DOCUMENTS                          Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                          800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                    Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                   (206) 464-7744

1

MARK R. HERRING
Attorney General of Virginia

2

*s/ Michelle S. Kallen*

3

MICHELLE S. KALLEN, VSB #93286
Deputy Solicitor General

4

JESSICA MERRY SAMUELS, VSB #89537
Assistant Solicitor General

5

RYAN SPREAGUE HARDY, VSB #78558
ALICE ANNE LLOYD, VSB #79105

6

MAMOONA H. SIDDIQUI, VSB #46455
Assistant Attorneys General

7

Office of the Attorney General
202 North Ninth Street

8

Richmond, VA  23219
(804) 786-7240

9

MKallen@oag.state.va.us
RHardy@oag.state.va.us

10

ALloyd@oag.state.va.us
MSiddiqui@oag.state.va.us

11

SolicitorGeneral@oag.state.va.us
*Attorneys for Plaintiff Commonwealth of*

12

*Virginia*

13

PHIL WEISER
Attorney General of Colorado

14

*s/ Eric R. Olson*

15

ERIC R. OLSON, #36414
Solicitor General

16

Office of the Attorney General
Colorado Department of Law

17

1300 Broadway, 10th Floor
Denver, CO  80203

18

(720) 508 6548
Eric.Olson@coag.gov

19

*Attorneys for Plaintiff the State of Colorado*

20

21

22

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
WITHHELD UNDER DELIBERATIVE
PROCESS PRIVILEGE
NO. 4:19-cv-05210-RMP

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    KATHLEEN JENNINGS
     Attorney General of Delaware
2    AARON R. GOLDSTEIN
     State Solicitor
3    ILONA KIRSHON
     Deputy State Solicitor
4
     *s/ Monica A. Horton*
5    MONICA A. HORTON, #5190
     Deputy Attorney General
6    820 North French Street
     Wilmington, DE 19801
7    Monica.horton@delaware.gov
     *Attorneys for Plaintiff the State of Delaware*
8
     KWAME RAOUL
9    Attorney General of Illinois

10   *s/ Liza Roberson-Young*
     LIZA ROBERSON-YOUNG, #6293643
11   Public Interest Counsel
     Office of the Illinois Attorney General
12   100 West Randolph Street, 11th Floor
     Chicago, IL 60601
13   (312) 814-5028
     ERobersonYoung@atg.state.il.us
14   *Attorney for Plaintiff State of Illinois*

15   CLARE E. CONNORS
     Attorney General of Hawai'i
16
     *s/ Lili A. Young*
17   LILI A. YOUNG, #5886
     Deputy Attorney General
18   Department of the Attorney General
     425 Queen Street
19   Honolulu, HI 96813
     (808) 587-3050
20   Lili.A.Young@hawaii.gov
     *Attorneys for Plaintiff State of Hawai'i*

21

22

PLAINTIFFS' REPLY IN SUPPORT OF           13           ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                             Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                            800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                      Seattle, WA 98104
NO. 4:19-cv-05210-RMP                                  (206) 464-7744

1                 BRIAN E. FROSH
                  Attorney General of Maryland

2

                  *s/ Jeffrey P. Dunlap*
3                 JEFFREY P. DUNLAP, #1812100004
                  Assistant Attorney General
4                 200 St. Paul Place
                  Baltimore, MD 21202
5                 T: (410) 576-7906
                  F: (410) 576-6955
6                 JDunlap@oag.state.md.us
                  *Attorneys for Plaintiff State of Maryland*
7

                  MAURA HEALEY
8                 Attorney General of Commonwealth of
                  Massachusetts
9

                  *s/ Abigail B. Taylor*
10                ABIGAIL B. TAYLOR, #670648
                  Chief, Civil Rights Division
11                DAVID URENA, #703076
                  Special Assistant Attorney General
12                ANGELA BROOKS, #663255
                  Assistant Attorney General
13                Office of the Massachusetts Attorney General
                  One Ashburton Place
14                Boston, MA 02108
                  (617) 963-2232
15                abigail.taylor@mass.gov
                  david.urena@mass.gov
16                angela.brooks@mass.gov
                  *Attorneys for Plaintiff Commonwealth of*
17                *Massachusetts*

18

19

20

21

22

PLAINTIFFS' REPLY IN SUPPORT OF      14        ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                          Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                     800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                   Seattle, WA 98104
NO. 4:19-cv-05210-RMP                                     (206) 464-7744

1   DANA NESSEL
    Attorney General of Michigan
2
    *s/ Toni L. Harris*
3   FADWA A. HAMMOUD, #P74185
    Solicitor General
4   TONI L. HARRIS, #P63111
    *First Assistant Attorney General*
5   Michigan Department of Attorney General
    P. O. Box 30758
6   Lansing, MI  48909
    (517) 335-7603 (main)
7   HarrisT19@michigan.gov
    Hammoudf1@michigan.gov
8   *Attorneys for the People of Michigan*

9   KEITH ELLISON
    Attorney General of Minnesota
10
    *s/ R.J. Detrick*
11  R.J. DETRICK, #0395336
    *Assistant Attorney General*
12  Minnesota Attorney General's Office
    Bremer Tower, Ste. 100
13  445 Minnesota Street
    St. Paul, MN  55101-2128
14  (651) 757-1489
    (651) 297-7206
15  Rj.detrick@ag.state.mn.us
    *Attorneys for Plaintiff State of Minnesota*
16
    AARON D. FORD
17  Attorney General of Nevada

18  *s/ Heidi Parry Stern*
    HEIDI PARRY STERN, #8873
19  Solicitor General
    Office of the Nevada Attorney General
20  555 E. Washington Ave., Ste. 3900
    Las Vegas, NV  89101
21  HStern@ag.nv.gov
    *Attorneys for Plaintiff State of Nevada*
22

PLAINTIFFS' REPLY IN SUPPORT OF          15          ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                                    Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                                   800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                                Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                              (206) 464-7744

1      GURBIR S. GREWAL
       Attorney General of New Jersey
2
       *s/ Glenn J. Moramarco*
3      GLENN J. MORAMARCO, #030471987
       Assistant Attorney General
4      Office of the Attorney General
       Richard J. Hughes Justice Complex
5      25 Market Street, 1st Floor, West Wing
       Trenton, NJ  08625-0080
6      (609) 376-3232
       Glenn.Moramarco@law.njoag.gov
7      *Attorneys for Plaintiff State of New Jersey*

8      HECTOR BALDERAS
       Attorney General of New Mexico
9
       *s/ Tania Maestas*
10     TANIA MAESTAS, #20345
       Chief Deputy Attorney General
11     P. O. Drawer 1508
       Santa Fe, NM  87504-1508
12     tmaestas@nmag.gov
       *Attorneys for Plaintiff State of New Mexico*
13
       PETER F. NERONHA
14     Attorney General of Rhode Island

15     *s/ Lauren E. Hill*
       LAUREN E. HILL, #9830
16     Special Assistant Attorney General
       Office of the Attorney General
17     150 South Main Street
       Providence, RI  02903
18     (401) 274-4400 x2038
       E-mail:  lhill@riag.ri.gov
19     *Attorneys for Plaintiff State of Rhode Island*

20

21

22

PLAINTIFFS' REPLY IN SUPPORT OF           16         ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                                    Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                                 800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                                  Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                                (206) 464-7744

1

## <u>DECLARATION OF SERVICE</u>

2      I hereby declare that on this day I caused the foregoing document to be

3 electronically filed with the Clerk of the Court using the Court's CM/ECF System

4 which will serve a copy of this document upon all counsel of record.

5      DATED this 4th day of November 2020 at Seattle, Washington.

6

7                             */s/ Jeffrey T. Sprung*
                             JEFFREY T. SPRUNG, WSBA #23607
8                             Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFFS' REPLY IN SUPPORT OF          17          ATTORNEY GENERAL OF WASHINGTON
MOTION TO COMPEL DOCUMENTS                            Complex Litigation Division
WITHHELD UNDER DELIBERATIVE                           800 Fifth Avenue, Suite 2000
PROCESS PRIVILEGE                                     Seattle, WA  98104
NO. 4:19-cv-05210-RMP                                 (206) 464-7744