# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

June 15, 2022

Clerk
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 21 2022

FILED
DOCKETED          DATE          INIT

    Re: Arizona, et al.
        v. City and County of San Francisco, California, et al.
        No. 20-1775
        (Your No. 19-17213, 19-17214, 19-35914)

Dear Clerk:

    The enclosed opinion of this Court was announced today in the above stated case.

    The judgment or mandate of this Court will not issue for at least twenty-five days pursuant to Rule 45. Should a petition for rehearing be filed timely, the judgment or mandate will be further stayed pending this Court's action on the petition for rehearing.

                              Sincerely,

                              **Scott S. Harris**, Clerk

                              by /s/ Denise McNerney
                              Denise McNerney
                              Merits Case Clerk
                              (202) 479-3032

(Bench Opinion) Cite as: 596 U. S. ____ (2022) 1

Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 20–1775

ARIZONA, ET AL., PETITIONERS v. CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 15, 2022]

PER CURIAM.

The writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 20–1775

ARIZONA, ET AL., PETITIONERS v. CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 15, 2022]

CHIEF JUSTICE ROBERTS, with whom JUSTICE THOMAS, JUSTICE ALITO, and JUSTICE GORSUCH join, concurring.

This case involves a regulation known as the Public Charge Rule, promulgated by the Department of Homeland Security in 2019. See 84 Fed. Reg. 41292 (2019). The Rule set out the test the Department planned to use to determine whether an applicant for admission into the country or adjustment to lawful permanent resident status is "likely at any time to become a public charge," which would make him ineligible. 8 U. S. C. §1182(a)(4)(A). Several parties filed lawsuits arguing that the Rule was unlawful because it defined "public charge" too broadly.

We granted certiorari in this case not to address the merits of that argument, but to decide whether the petitioners—13 States which support the Rule—should have been permitted to intervene in this litigation to defend the Rule's legality in the Court of Appeals. Petitioners argue that the answer is yes, in light of the Government's actions.

When this and other suits challenging the Rule were first brought in 2019, the Government defended it. And when multiple lower courts, including the District Court here, found the Rule unlawful, the Government appealed those decisions. After a change in administrations, though, the Government reversed course and opted to voluntarily dis-